HAROLD HAUN *vs.* HENRY P. LeGRAND.

HAROLD HAUN, JR., *vs.* HENRY P. LeGRAND.

Berkshire.   September 17, 1929. — October 2, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Motor Vehicle*, Registration, Operation.   *Evidence*, Presumptions and burden of proof.  *Statute*, Construction.  *Agency*, Existence of relation, Scope of authority.

Section 85A, added to G. L. c. 231 by St. 1928, c. 317, § 1, relates to evidence and not to substantive law and governed at the trial, after September 1, 1928, its operative date, of an action of tort for personal injuries and damage to property resulting from a collision in which a motor vehicle was involved and which occurred in 1926.

At the trial of such an action against the registered owner of an automobile, the defendant and the driver of the automobile were called as witnesses by the plaintiff and testified that the motor vehicle had been at the garage of the driver for repairs and that, after these were completed, it was being driven by him at the time of the accident to the place of business of the defendant with the intent of leaving it there. *Held*, that

   (1) Such testimony, even if given its face value, did not as a matter of law overcome the effect of the *prima facie* evidence established by the statute and might have been found to be consistent with it;

   (2) By calling such witnesses the plaintiff did not waive the *prima facie* evidence established in his favor by the statute.

A party by calling witnesses does not necessarily become bound by their testimony.

TWO ACTIONS OF TORT, the first for personal injuries, damages to an automobile, and consequential damages resulting from personal injuries suffered by the plaintiff owner and caused by a collision on September 26, 1926, with an automobile of the defendant; and the second for personal injuries suffered by a son, riding as a passenger with the plaintiff in the first action.  Writs dated January 12, 1927.

In the Superior Court, the actions were tried together before *Burns*, J.  Material evidence is stated in the opinion.

The judge denied motions by the defendant that verdicts be ordered in his favor. There were verdicts for the plaintiffs in the sums of $675 and $1,000 respectively. The defendant alleged exceptions.

*M. B. Warner*, for the defendant.

*W. A. O'Hearn*, for the plaintiffs.

RUGG, C.J. These two actions of tort according to the declarations are to recover damages for injuries to person and property "arising out of an accident or collision in which a motor vehicle was involved." The motor vehicle belonged to and was registered in the name of the defendant and was being driven by one Carley. Therefore these facts by § 85A, added to G. L. c. 231, by St. 1928, c. 317, § 1, constituted "*prima facie* evidence that" the motor vehicle was "then being operated by and under the control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility" became an "affirmative defence to be . . . proved by the defendant." Motions for directed verdicts in favor of the defendant were denied and verdicts were returned in favor of the plaintiffs.

It is stated in the bill of exceptions that the only question is whether the motor vehicle of the defendant at the time of the accident was "being operated by any one in the employ of or acting for the defendant." We interpret this to mean, whether the motor vehicle was being "operated by and under the control of a person for whose conduct the defendant was legally responsible." A *prima facie* affirmative answer to that question is made by the statute already cited in view of the conceded facts of ownership and registration of the motor vehicle in the name of the defendant. The accident occurred before, but the trial after, the enactment of the statute. Since it relates to evidence and not to substantive law, the statute governed the trial of the present cases. The plaintiff called as witnesses the defendant and Carley, who was driving the motor vehicle of the defendant. From their testimony it appeared that the motor vehicle had been at the garage of Carley for repairs and after these were completed was being driven by Carley at the time of the accident to the place of business of the defendant with the intent

of leaving it there. This testimony, even if given its face value, did not overcome the effect of the *prima facie* evidence established by the statute and might have been found to be consistent with it. Carley may have been the agent of the defendant in returning the repaired motor vehicle to the place of business of the defendant. See *Haskell* v. *Boston District Messenger Co.* 190 Mass. 189. The case is distinguishable from *Whalen* v. *Sheehan*, 237 Mass. 112. Moreover, by calling these witnesses the plaintiffs did not waive the *prima facie* evidence established in their favor by the statute. They still might rely upon that evidence even though it be assumed that the testimony of these witnesses was contradictory of the *prima facie* evidence established by the statute. A party by calling witnesses does not necessarily become bound by their testimony. *Priorelli* v. *Guidi*, 251 Mass. 449, 450. *Gordon* v. *Bedard*, 265 Mass. 408, 411, and cases cited. *Commonwealth* v. *Festo*, 251 Mass. 275, 278, 279. See G. L. c. 233, § 23. *Whiteacre* v. *Boston Elevated Railway*, 241 Mass. 163, 165, 166. *Gold* v. *Spector*, 247 Mass. 110, 111. *Goodell* v. *Sviokcla*, 262 Mass. 317, 319. *Newman* v. *Levinson* 266 Mass. 264, 266, 267. *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405.

It could not have been ruled as matter of law that Carley was driving the motor vehicle solely on his own account and by virtue of the lien authorized by G. L. c. 255, §§ 25, 26. There was no testimony to that effect. Even if there had been evidence of that nature, its weight would have been for the jury.

The case at bar is governed in its main aspects by *Thomes* v. *Meyer Store Inc. post*, 587, this day decided, where the distinction between a presumption and *prima facie* evidence is pointed out.

*Exceptions overruled.*