ANTHONY SOUSA FERREIRA *vs.* JOSE FRANCO & another.

MARY SOUSA FERREIRA *vs.* SAME.

DOLANDA SOUSA FERREIRA *vs.* SAME.

JOSEPH SOUSA FERREIRA *vs.* SAME.

MANUEL SOUSA FERREIRA, JR. *vs.* SAME.

FRANK SOUSA FERREIRA *vs.* SAME.

FRANK DIAS, administrator, *vs.* SAME.

SARAH SOUSA FERREIRA *vs.* SAME.

Bristol. October 27, 1930. — November 25, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Agency*, Scope of authority. *Evidence*, Presumptions and burden of proof, Competency. *Practice, Civil*, Exceptions: whether error harmful.

Where, at the trial, after the effective date of St. 1928, c. 317, § 1, adding § 85A to G. L. c. 231, of an action of tort for personal injuries caused by negligence of an employee of the defendant in driving a motor truck, the defendant admitted that the truck was owned by him, was registered in his name and was being operated by his employee, the question, whether the employee was acting within the scope of his employment, properly was submitted to the jury although the defendant introduced oral evidence that the employee had no license to operate motor vehicles and that, when the accident occurred, he was not acting within the scope of his employment.

An exception to a ruling permitting a certain question to be asked of a witness at a trial must be overruled when the bill of exceptions does not show what the witness answered.

At the trial of the action above described, evidence was admissible, to contradict testimony of the defendant that he "never knew that" the employee "drove the truck," that the defendant had told the witness that the employee would take the truck to be repaired and that the witness saw the employee do so.

EIGHT ACTIONS OF TORT for personal injuries. Writs dated July 6, 1928.

In the Superior Court, the actions were tried together before *Brown,* J. Material evidence is stated in the opinion. At the close of the evidence, the judge denied motions that verdicts be ordered for the defendants. There were verdicts for the plaintiffs respectively in the sums of $200, $500, $200, $200, $1,000, $800, $3,500 and $200. The defendants alleged exceptions.

*S. E. Bentley,* for the defendants, submitted a brief.

*J. W. Nugent,* for the plaintiffs.

FIELD, J. These are eight actions of tort brought by children, ranging from two to fourteen years of age, by their next friends, to recover damages for personal injuries. (One case is now being prosecuted by the administrator of the original plaintiff.) On July 4, 1928, a wagon in which these children were sitting was struck by a motor truck then being operated on a public highway. The wagon was upset and the children were thrown out and injured. The cases were tried in May, 1930. The defendants made motions for directed verdicts which were denied and there were verdicts for the plaintiffs. The cases come before us on the exceptions of the defendants to the denial of these motions and to the admission of evidence.

The bill of exceptions states: "The negligent operation of the truck and the due care of the plaintiffs was conceded. No question arises as to the pleadings. It was admitted by the defendants that at the time of the accident one Manuel Coelho an employee of the defendants was operating the automobile truck and that the automobile was owned by the defendants and registered in their names at the time of the accident."

The motions for directed verdicts were denied rightly. The only question at issue was whether the defendants

were legally responsible for the conduct of Manuel Coelho, who was operating their truck at the time of the accident. As the trial took place after September 1, 1928, § 85A, added to G. L. c. 231 by St. 1928, c. 317, § 1, was applicable; see § 3. *Smith* v. *Freedman,* 268 Mass. 38. *Wilson* v. *Grace, ante,* 146. The defendants set up in the answer in each case, as an affirmative defence, the absence of such responsibility. By force of the statute, the defendants' admission that at the time of the accident the motor truck was owned by them, registered in their names and operated by Coelho, was *prima facie* evidence that they were legally responsible for his conduct, and the burden of proving the contrary rested upon them. They introduced evidence tending to show that Coelho had no license to operate motor vehicles and that when the accident occurred, though he was their employee, he was not acting within the scope of his employment. If believed, this evidence warranted a finding that the *prima facie* evidence was overcome and the affirmative defence established. But the evidence was oral and, even if contradicted only by the *prima facie* evidence, might be disbelieved by the jury. *Thomes* v. *Meyer Store Inc.* 268 Mass. 587. *Haun* v. *LeGrand,* 268 Mass. 582. *Wilson* v. *Grace, supra.* Therefore, it could not have been ruled as matter of law that the defendants were not legally responsible for Coelho's conduct. Whether, apart from the statute, the evidence warranted a finding that Manuel Coelho was acting for them need not be considered.

The record discloses no harmful error in the admission of evidence. Two exceptions were taken to questions, the answers to which are not set out in the bill of exceptions. Hence, it does not appear that the defendants were harmed. There was also an exception to the admission, on cross-examination of a witness called by the defendants, employed by them to drive the truck, of testimony that within the six-months' period before the accident the defendant Fontes had told him that " the truck is going to be repaired at New Bedford," " Mr. Coelho will take it," and that the witness had seen him do so. We cannot

say that this testimony was not competent, in the discretion of the trial judge, to contradict the testimony of the defendant Fontes that he "never knew that Coelho drove the truck."

*Exceptions overruled.*