BEATRICE L. BRUCE *vs.* GEORGE F. HANKS.

MARGARET A. RUSSELL *vs.* SAME.

CHARLES BRUCE *vs.* SAME.

Worcester.   September 22, 1931. — December 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence,* Photograph, Presumptions and burden of proof, *Of authority of agent. Negligence,* Invited person. *Motor Vehicle,* Operation. *Agency,* Scope of employment.

Ordinarily the admission or exclusion of photographs at a trial, if competent for any purpose, rests in the discretion of the trial judge.

It was not improper for a trial judge, at the trial of an action for personal injuries sustained nearly two years before the trial through negligent operation of a motor vehicle on a public way, to exclude photographs of the locus of the accident, taken on the day of the trial, where it appeared that the jury took a view of the locus and there was no evidence that no change had taken place in the locus since the time of the accident.

In an action for personal injuries, sustained while the plaintiff was riding in a motor truck at the invitation of the driver and caused by negligence of the driver, it appeared that the truck was duly registered in the name of the defendant as the owner and that the driver was operating it with his "permission and authority."   The defendant in his answer did not set up the affirmative defence described in § 85A, added to G. L. c. 231 by St. 1928, c. 317, § 1.   The only evidence of the scope of the employment of the driver was testimony by the defendant, called by the plaintiff, that he was a farmer and engaged in the milk business; that he employed the driver as a driver and for other purposes; and that he had told the driver that he was not to take any persons on the truck as passengers.   The judge ordered a verdict for the defendant, and the plaintiff alleged exceptions.   *Held,* that

(1) Said § 85A, while it made proof of registry of the truck in the name of the defendant as owner *prima facie* evidence that at the time of the accident the driver of it was a servant of the defendant and engaged in the owner's business, did not make such registration *prima*

*facie* proof that all acts of the driver while in control of the truck were within the scope of his employment;

(2) Said § 85A did not make mere proof of such registry *prima facie* proof that the defendant was liable;

(3) There was no evidence warranting a finding that in inviting the plaintiff to ride the driver was acting within the scope of his employment;

(4) The verdict properly was ordered.

Section 85A, added to G. L. c. 231 by St. 1928, c. 317, § 1, has no application to an action by a father for consequential damages resulting from personal injuries sustained by his minor child.

THREE ACTIONS OF TORT, described in the opinion. Writs in the first two actions dated March 13, 1929, and in the third action dated January 16, 1930.

The actions were tried together in the Superior Court before *Hall*, C.J., in November, 1930. The bill of exceptions contained the statement that there was evidence that, when injured, the plaintiffs in the first two actions were riding in a motor truck which was duly registered in the name of the defendant as owner on the day and at the hour and minute of the accident to the plaintiffs and that one Johnson was operating the truck upon the highway with the defendant's "permission and authority." It appeared that the accident happened on January 23, 1929.

The only other evidence on the question of the scope of authority of the driver Johnson was testimony by the defendant, called by the plaintiffs. He stated in substance that he ran a farm in Ashburnham and engaged in the milk business and that the truck at the time of the accident was being used to deliver milk to his customers; that Johnson was the only driver he had; that he hired him as the driver of the truck and for other purposes; that when he was not driving the truck he was working at ordinary farm work as a helper, milking cows and doing chores; that when he hired him he told him he was not to take any persons on the truck as passengers.

Other material evidence is stated in the opinion. The Chief Justice ordered verdicts for the defendant. The plaintiffs alleged exceptions.

*M. Michelson*, (*J. B. Hayes* with him,) for the plaintiffs.
*S. M. Salny*, (*E. W. Baker* with him,) for the defendant.

WAIT, J.  These three actions were tried together.  The plaintiffs Beatrice L. Bruce and Margaret A. Russell were injured while riding as guests in a motor vehicle by invitation of the driver, one Johnson.  The plaintiff Charles Bruce sues as father of Beatrice, a minor, for consequential damages.  The defendant was the registered owner of the vehicle at the time of the accident.  For the purposes of this proceeding it is agreed that there was evidence for the jury that the driver was guilty of negligence sufficient to justify recovery and that the plaintiffs were in the exercise of due care.  The judge directed verdicts for the defendant. The only questions for our consideration are whether certain photographs offered by the plaintiffs properly were excluded; and whether there was evidence of liability of the defendant sufficient to take the case to the jury.

There was no error in the exclusion of the photographs. They were taken on the day of the trial and represented the locus of the accident as it was seen by the jurors at their view.  There was no evidence that no changes had taken place since the time of the accident.  Ordinarily the admission or exclusion of photographs rests in the discretion of the trial judge.  His decision will not be disturbed unless it is plainly wrong, or in disregard of some rule of law. *Everson* v. *Casualty Co. of America*, 208 Mass. 214, 219. Here the photographs simply served as a memorial of what the jurors had seen.  No abuse of discretion appears, and there was no prejudice to the plaintiffs.

Section 85A added to G. L. c. 231 by St. 1928, c. 317, § 1, is in these words: "In all actions to recover damages for injuries to the person or to property or for the death of a person, arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be *prima facie* evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility shall be an affirmative defence to be set up in the answer and proved by the defendant."

The defendant testified that he had forbidden the driver, who was in his general employ, to pick up any passenger. There was no other testimony with reference to the authority of the driver to invite persons to ride with him. It is settled law that a master is not responsible for the acts of a servant who is acting without authority from him. *Hobbs* v. *Cunningham*, 273 Mass. 529. *Ciarmataro* v. *Adams*, 275 Mass. 521, 526. See also *Simmons* v. *Rabinowitz*, 266 Mass. 109; *Dubois* v. *Powdrell*, 271 Mass. 394. It was indispensable for recovery here against the defendant to find that the driver was acting by the defendant's authority. In the absence of all other evidence to establish this fact, the plaintiffs rely on the statute; and contend that, by virtue thereof, *prima facie* evidence of full authority in the driver to bind the defendant was created by evidence that when the accident occurred the motor vehicle was registered in the name of the defendant as owner. The answers do not set up absence of authority as an affirmative defence.

If the contention is sound there was error in directing verdicts for the defendant in the cases of Beatrice L. Bruce and Margaret Russell; but not in the case of Charles Bruce. We have recently decided that the statute has no application when the claim is for consequential damages, that the words "damages . . . to property" do not include such damage as is here sought by him. *Wilson* v. *Grace*, 273 Mass. 146. *Karpowicz* v. *Manasas*, 275 Mass. 413. These decisions are controlling. We have stated in *Smith* v. *Freedman*, 268 Mass. 38, 40, that the statute does not purport to change the substantive law of negligence. To the same effect are *Thomes* v. *Meyer Store Inc.* 268 Mass. 587, 588, *Ferreira* v. *Franco*, 273 Mass. 272, and *Wilson* v. *Grace*, 273 Mass. 146. The language of *McNeil* v. *Powers*, 266 Mass. 446, 447, in which the statute is spoken of as extending further the liability of an owner of a motor vehicle refers to change in the method of proof of liability, not to a change in the substantive law imposing an added liability. The words were used in an action where all that was necessary for proof of liability was the

agency of the driver, and not where, in addition to the fact of agency, proof of authority in the agent to invite a passenger was needed to establish liability. See also *Nash* v. *Lang*, 268 Mass. 407, 410. The statute creates a rule of evidence. It changes the law as it had existed before it took effect. Up to that time proof of ownership and registry was not evidence that the motor vehicle was being operated by a servant of the owner engaged in the owner's business. *Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516. *Broitman* v. *Silver*, 270 Mass. 24. *Opinion of the Justices*, 251 Mass. 569, 599. See *Thompson* v. *Sides*, 275 Mass. 568. After it took effect proof of registry in the name of the defendant as owner, *prima facie*, is proof, also, that at the time of the accident the driver was a servant of the defendant and engaged in the owner's business; but it is not made *prima facie* evidence of anything more. The legal responsibility established is simply such responsibility as follows from the fact of agency and of action in the course of the owner's business. In *Smith* v. *Freedman*, 268 Mass. 38, *Haun* v. *LeGrand*, 268 Mass. 582, *Thomes* v. *Meyer Store Inc.* 268 Mass. 587, *Wilson* v. *Grace*, 273 Mass. 146, *Ferreira* v. *Franco*, 273 Mass. 272, in which the evidence has been given its statutory *prima facie* effect, the plaintiffs were not guests with reference to the parties sought to be held liable. Their right to recovery was independent of any relation of host and guest.

Proof of authority in a servant to invite them to ride was a requisite to recovery. We think the statute is not to be interpreted to mean that where evidence is introduced to show that a motor vehicle is involved in an accident or collision and is registered in the name of the defendant as owner, *prima facie* the defendant is liable. Rather it is to be taken to mean that ownership and registry in the defendant *prima facie* show the driver to be his agent acting within the scope of his business, and that, so far as those facts establish liability, *prima facie* the defendant is liable. In *Mason* v. *Thomas*, 274 Mass. 59, 61–62, we have intimated that the *prima facie* effect of such evidence does not extend to establish liability for gross

negligence; and in *Thompson* v. *Sides*, 275 Mass. 568, we have decided that the statute does not make the fact of registration in the name of a plaintiff as owner, *prima facie* evidence that the motor vehicle was being operated by and under the control of a person for whom the plaintiff was legally responsible. See also *Leonard* v. *Conquest*, 274 Mass. 347. As we interpret the statute, there was no sufficient *prima facie* evidence of liability here. The essential element of authority to invite the plaintiffs to ride so that the defendant became liable for injury to them was absent. The judge was right.

We find no error in the exclusion of the questions to the defendant. They asked an opinion or a conclusion of law from the witness.

*Exceptions overruled.*