Pettingell, J.
Action of tort in two counts growing out of an automobile collision. There was a finding for the plaintiff. The error specified in the report is the denial of eight rulings requested by the defendant. At the oral argument the defendant argued only the error involved in the denial of the other requests. The report states that it contains all the evidence material to the questions reported.
The requests, the denial of which the defendant now relies upon as error, are as follows:
1. There is no evidence of any negligence on the part of the defendant.
2. Upon all the evidence material in this case the plaintiff is not entitled to recover.
*491 3. The plaintiff has not proved that the operator of the defendant’s car was acting as its agent or servant at the time of the accident alleged in his declaration.
There was no error in the denial of the first request. There was evidence warranting a finding that the car of the plaintiff, operated on the right of the road, at a rate of speed between fifteen and twenty miles an hour, slowed down as it approached an intersection and was struck on the left front end by the defendant’s automobile coming into the intersection from the plaintiff’s left; that the defendant’s car then turned to the left, went over a curbing a distance of twenty-five to thirty feet and struck a pillar supporting an overhead traffic bridge; that the plaintiff’s car stopped almost at the point of contact with the defendant’s car; that it was dark and both cars had lights on. Negligence could have been found in the testimony of the operator of the defendant’s car that he did not see the plaintiff’s car until it was within ten feet of the defendant’s car. Boni v. Goldstein, 276 Mass. 372, at 375; Podwakinska v. Teixeira, 277 Mass. 366, at 369; DeFuria v. Mooney, 280 Mass. 447, at 449; Dirsa v. Hamilton, 280 Mass. 482, at 486. It is not necessary to decide that the defendant was negligent in other particulars.
There was no error in the denial of the second request. The trial judge found as fact that the plaintiff was “travel-ling on the extreme right side of Merrimac Street at a safe and reasonable rate of speed and was in the exercise of due care. ’ ’ There was evidence which warranted such a finding. The burden was on the defendant to prove that the plaintiff was not in the exercise of due care by over-coming the presumption of due care created by G. L. Ch. 231, §85. It is rarely that it can be ruled as matter of law that the burden of an affirmative defense has been sustained. Bergeron v. Forest, 233 Mass. 392, at 402; Gold v. Spector, 247 Mass. *492 110, at 111; Thomes v. Meyer Store Inc., 286 Mass. 587, at 589. In a case like the present, where there was evidence warranting the finding of the trial judge that the plaintiff was in the exercise of due care, such a ruling as was requested was an impossibility.
There was no error in the denial of the third request which is not a correct statement of the law. The admitted fact that the automobile was registered in the name of the defendant as owner became, under G. L. (Ter. Ed.) Ch. 233, § 85A, “prima facie evidence that it was then being operated by and under the control of a person, for whose conduct the defendant was legally responsible” and made “absence of such responsibility” “an affirmative defence to be set up in the answer and proved by the defendant”. Smith v. Freedman, 268 Mass. 38, at 41, 42; Haun v. Legrand, 268 Mass. 582, at 583, 584.
In the case at bar, the mere fact that the automobile was registered in the name of the defendant was evidence that the defendant was legally responsible for the acts of the operator. Solomon v. Dabrowski, Mass. Adv. Sh. (1936) 1713, at 1715; Karpowicz v. Manasas, 275 Mass. 413, at 419. The evidence offered by the operator that at the time of the accident he was not acting for his principal was not binding upon the plaintiff, and the trial judge was not obliged to believe it. McAlevey v. Litch, 234 Mass. 440, at 442; Haun v. Legrand, 268 Mass. 582, at 583, 584; Wilson v. Grace, 273 Mass. 146, at 152; Ferreira v. Franco, 273 Mass. 272, at 274. It raised only a question of fact to be settled by him. Thomes v. Meyer Store Inc., 268 Mass. 587, at 590 ; and he could discredit it and rely upon the prima facie responsibility established by the statute. Greenburg v. Gorvine, 279 Mass. 339, at 341.
ISTo prejudicial error appearing, the report is to be dismissed.