## NILDA GEMMA *vs.* MICHAEL ROTONDO.

### APRIL 1, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.    This is an action of trespass on the case for negligence which was tried in the superior court and resulted in a verdict for the plaintiff. It is here on the defendant's exception to the ruling of the trial justice denying his motion for a directed verdict.

The plaintiff was injured while riding in a motor truck belonging to the defendant and operated by Albert Scunzio. Scunzio was operating the truck with the consent of the defendant at the time of the accident and had permitted the plaintiff, at the request of her husband, Nicholas Gemma, to ride therein without the knowledge of the defendant.

The plaintiff proved at the trial that the truck was registered to the defendant as owner. She also introduced other evidence bearing on the issue of the defendant's liability generally and particularly with reference to his responsibility for the conduct of Scunzio, the driver of his truck. The defendant contends that the evidence does not show that there was an issue of fact to be submitted to the jury for their determination but, on the contrary, that it clearly shows, as a matter of law, that he was not responsible for the conduct of the driver. This contention is the real ground of his exception to the ruling of the trial justice denying his motion for a directed verdict.

The plaintiff brought suit against the defendant and, in her declaration, charged him with four specific acts of negli-

gence of his agent or servant, Scunzio. Defendant pleaded the general issue and, in addition, set up in an "answer" the affirmative defense that the truck "was not being operated by and under the control of a person for whose conduct the defendant was legally responsible."

Although the plaintiff introduced evidence of the conditions under which Scunzio was operating the defendant's truck at the time of the accident and under which she was riding as a passenger therein, she contends that, under public laws 1929, chapter 1429, sec. 10, as amended by public laws 1933, chapter 2046, section 1, upon proof by her of the registration of the truck in the name of the defendant as owner she had made out a *prima facie* case of the defendant's responsibility for the conduct of Scunzio and that it then became the defendant's duty to prove the contrary by a fair preponderance of the evidence. The defendant urges that the statute sets up a mere presumption which was dissipated by his evidence and was thereafter of no further force or effect, and that in any event, it does not make proof of defendant's registration *prima facie* evidence of his responsibility for the act of Scunzio in inviting or permitting the plaintiff to ride in the truck. This fact, he argues, must still be proved affirmatively by the plaintiff.

There is no question that Scunzio was driving the defendant's truck with the latter's consent at the time of the accident, but the question is in what capacity he was driving the truck. Was he the servant or agent of the defendant and if so was it within the scope of his agency or employment to permit the plaintiff to ride in the truck?

The statute declares that "evidence that at the time of such accident or collision it (the motor vehicle) was registered in the name of the defendant as owner shall be *prima facie* evidence that it was then being operated by and under the control of a person for whose conduct the defendant was wholly responsible . . . ." Therefore, in the instant case, upon proof of the registration of the truck to the defendant

as owner, it was established *prima facie* that Scunzio was operating the truck for the defendant with full authority to bind the defendant. The defendant opposed this *prima facie* evidence with testimony that he did not give authority to Scunzio to allow the plaintiff to ride in the truck and that he did not know her or that there was any occasior `or any one to accompany Scunzio except Gemma. This evidence raised a conflict on the question of the defendant's responsibility for the conduct of Scunzio, in allowing the plaintiff to ride in the truck. Hence, it was impossible to say as a matter of law that the defendant was not wholly responsible for the conduct of Scunzio. That was a question to be decided by the jury on all the evidence, including the *prima facie* evidence, under proper instructions by the court.

But the defendant has argued that such a view is predicated on an erroneous construction of the statute. He urges that the statute sets up a mere presumption in favor of the plaintiff by the use of the words "*prima facie* evidence", and that this presumption is dissipated by the defendant's evidence. In other words, he contends that the statute merely shifts the burden of going forward with the evidence and that it does not shift the burden of proof. In support of his contention, he cites *Hartley* v. *Johnson*, 54 R. I. 477. Recently, in *Hill* v. *Cabral*, 62 R. I. 11, 2 A. 2d. 482, we took occasion to comment on that case and also to touch upon a contention very like the above, saying: "The *prima facie* evidence created by the statute raises more than a mere presumption." And we showed the distinction between a presumption and *prima facie* evidence.

However, in the *Hill* case we were dealing only with the question whether the defendant had consented to the use of her motor vehicle by the driver, while here we are called upon to decide what effect the statute has on questions of agency raised by the pleadings and the evidence. Therefore, we shall consider the proper construction of the statute somewhat more in detail than we did in the *Hill* case. We

are of the opinion that the view there expressed is clearly capable of extension to the instant case for the reasons we shall now state.

In order to understand what the legislature intended by chap. 2046, section 1, it will be useful to consider the statute law which the legislature amended by this chapter, and also what the common law on the subject was before any statutory change was made. At common law, as declared by this court, the owner of an automobile was not liable for damage caused by a person while driving for his own pleasure and not on the owner's business, or by a servant or agent acting outside the scope of his employment or agency. *Colwell* v. *Aetna Bottle & Stopper Co.*, 33 R. I. 531.

This law was changed by the enactment of P. L. 1927, chap. 1040, sec. 3, which enlarged the legal responsibility of the owner of a car who consented to the operation of it by another person. The enlargement consisted in this, that the operator, if it was shown that he was using the owner's car with the owner's consent, was deemed to be the owner's agent; and it was no longer a defense to the owner that the operator had temporarily departed from the course of his employment or the scope of his agency. *Guerin* v. *Mongeon*, 49 R. I. 414; *Kernan* v. *Webb*, 50 R. I. 394, 398; *Massart* v. *Narragansett Elec. Co.*, 54 R. I. 154.

Such was the law until the enactment of P. L. 1929, chap. 1429, sec. 10, which excluded a bailee of the owner from the operation of the act. *Ford* v. *Dorcus*, 54 R. I. 1. Otherwise, the act remained the same until 1933. In that year chap. 2046, section 1, which governs the instant case, was enacted. This entirely amended sec. 10 and substituted for it what amounted substantially to a new act. No longer was proof of permission to use the owner's automobile deemed to be proof that the operator was the agent of the owner, and no longer was it necessary for the plaintiff to prove first that the operator was operating the motor vehicle with the owner's consent. Under the amended law, it was necessary

only for the plaintiff to prove that, at the time of the accident, the motor vehicle was registered in the name of the defendant as owner to make out a *prima facie* case of responsibility of the defendant for the conduct of the operator of the vehicle. The statute further required that, if the defendant desired to avail himself of the defense of "absence of such responsibility", he must plead such defense by "answer" and prove it.

If the intention of the legislature in enacting this statute was to set up a mere presumption as contended for by the defendant, it would have been a futile act, as prior to the enactment of any of the above-mentioned statutes such was already the law of this state. *Burns* v. *Brightman,* 44 R. I. 316; *Giblin* v. *Dudley Hardware Co.,* 44 R. I. 371. As early as 1919, this court held in an automobile accident case that proof by the plaintiff of the registration of the automobile in the name of the defendant was sufficient to raise the presumption that the defendant was responsible for its operation. See *Berger* v. *Watjen,* 106 A. 740 (R. I.).

There is another reason for not construing our statute as setting up a mere presumption. Our legislature apparently borrowed it from Massachusetts, where it appears as G. L. (Ter. Ed.) chap. 231, sec. 85 A. Our chap, 2046, section 1, varies in only one material particular; to which we shall hereinafter refer. The Massachusetts statute was enacted in 1928 and was thereafter construed as shifting the burden of proof of defendant's responsibility for the conduct of the operator of defendant's automobile from the plaintiff, after proof by him of registration of the automobile in the name of the defendant. *Smith* v. *Freedman,* 268 Mass. 38; *Haun* v. *LeGrand,* 268 Mass. 582; *Thomes* v. *Meyer Store, Inc.,* 268 Mass. 587. Those cases were decided in 1929, and settled the construction of the words *"prima facie* evidence" as used in the statute.

With this settled construction of the Massachusetts statute before them, our legislature, in 1933, enacted our statute.

In *Rhode Island Hospital Trust Co.* v. *Hail,* 47 R. I. 64, 67, this court said, in construing another statute: "As the above statutory provision was taken from a Massachusetts statute it must be presumed that said section was adopted in view of the construction placed upon the Massachusetts statute by the courts of that Commonwealth." This is a rule which is universally accepted but it is merely a rule in aid of construction and is stated above a little too imperatively. We think it was more accurately stated in *Sayles* v. *Bates,* 15 R. I. 342, 344, in the following words: "These decisions are entitled to great weight, not only because of the ability of the court, but also because our statute was borrowed from the Massachusetts statute, and should be construed in the same way, unless there is some strong reason for construing it differently." Put in this way, the rule is not a command but a counsel of persuasion.

But the defendant contends that the application of this rule of construction requires us to hold further that the statute makes proof of registration of the motor vehicle to the defendant, as owner, *prima facie* evidence only with respect to the fact of operation by the operator as the servant of the defendant and engaged in his business, but that it is not *prima facie* evidence of anything more, because this construction was adopted by the Massachusetts supreme court in 1931 in *Bruce* v. *Hanks,* 277 Mass. 268. He points out further that this construction was subsequently approved and followed in *Welch* v. *O'Leary,* 287 Mass. 69, where it was said that the statute did not extend to make such evidence *prima facie* evidence that the operator was authorized to invite another to ride in the defendant's automobile.

This contention would be sound if our statute was identical with the Massachusetts statute, but it is not. With reference to the very question which the court was called upon to decide in the *Bruce* case, there is a significant variation in the language of our statute from that of Massachusetts. That statute speaks of the automobile "being oper-

ated by and under the control of a person for whose conduct the defendant was *legally* responsible", whereas our statute expresses it, "*wholly* responsible". (italics ours) At first glance this may not seem to be a material difference, but in the light of a contention which was urged by the plaintiff, and specifically rejected by the court, in *Bruce* v. *Hanks, supra,* it becomes very material. This contention was, that by force of the statute and in the absence of any other evidence to establish the fact, "*prima facie* evidence of full authority in the driver to bind the defendant was created by evidence that when the accident occurred the motor vehicle was registered in the name of the defendant as owner." In other words, the plaintiff was contending that the statute should be construed as though it read "for whose conduct the defendant was wholly responsible."

In rejecting this contention, the Massachusetts court said: "Proof of authority in a servant to invite them to ride was a requisite to recovery. We think the statute is not to be interpreted to mean that where evidence is introduced to show that a motor vehicle is involved in an accident or collision and is registered in the name of the defendant as owner, *prima facie* the defendant is liable. Rather it is to be taken to mean that ownership and registry in the defendant *prima facie* show the driver to be his agent acting within the scope of his business, and that, so far as those facts establish liability, *prima facie* the defendant is liable."

We assume that this construction and the contention which gave rise to it was known to the members of our legislature when they adopted our statute in April 1933, almost a year and a half after *Bruce* v. *Hanks, supra,* was decided, on December 1, 1931; and that they did not intend that our act should be limited by such construction. To give effect to that intention, we are of the opinion that they deliberately substituted the word "wholly" for the word "legally" in the Massachusetts statute; and that they thereby intended to so word our statute that the same construction

would be given to it as the plaintiff in the *Bruce* case contended should be given to the Massachusetts statute. No other reasonable explanation for their use of *wholly* instead of *legally* occurs to us.

Under our construction of our statute, the instant case was properly submitted to the jury. "The *prima facie* evidence created by the statute means evidence which, standing alone and unexplained, maintains the proposition and warrants the conclusion to support which it is introduced. . . . If such evidence is not in any way met or controlled, and relates to the decisive issue in the case, a verdict or finding is required in accordance with its effect." *Thomes* v. *Meyer Store, Inc., supra.*

In the instant case the defendant has introduced evidence intended by him to overcome the *prima facie* case of the plaintiff. In addition the plaintiff has introduced evidence which bears somewhat on the issue of the owner's liability to her as a passenger in the truck. But aside from such latter evidence, the issue raised by the defendant's answer would still be for the jury to determine; for, as the Massachusetts court said in the Thomes case: "It is rarely that it can be ruled as a matter of law that an affirmative case has been made out or that a *prima facie* case has been overcome." And as we said in *Hill* v. *Cabral, supra,* "Ordinarily, under chap. 2046, it is for the jury to determine the controlling fact in issue upon all the evidence in the case, including what is made *prima facie* evidence by the statute."

There was no error in the ruling of the trial justice denying the defendant's motion for a directed verdict, and the defendant's exception is, therefore, overruled. In view of the fact that the trial justice granted the defendant's motion for a new trial and no exception to that ruling by the plaintiff is before us, the case is remitted to the superior court for a new trial.

*Arthur Novogroski, Wilfrid E. McKenna,* for plaintiff.
*William A. Gunning,* for defendant.