LEO J. LEGARRY vs. FINN MOTOR SALES, INC.
(and three companion cases*).

Worcester.    September 26, 1939. — November 29, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Motor Vehicle*, Registration, Operation, Dealer. *Evidence*, Presumptions and burden of proof. *Agency*, What constitutes.

An automobile owned by a dealer, operated under dealer's plates issued to him with a certificate of registration under G. L. (Ter. Ed.) c. 90, § 5, and not let nor lent for five successive days, was "registered in the name of" the dealer "as owner" within c. 231, § 85A, and § 85A was applicable in an action against him for personal injuries resulting from a collision involving the automobile.

FOUR ACTIONS OF TORT. Writs in the Central District Court of Worcester dated July 8, 1938.

Upon removal to the Superior Court, the actions were tried together before *Good*, J. Verdicts for the plaintiffs in the sums, respectively, of $500, $2,000, $1,138 and $3,000, were recorded subject to leave reserved. Motions by the defendant for the entry of verdicts in its favor were denied, and the defendant alleged exceptions.

*M. Ruben*, (*J. C. McDonald* with him,) for the defendant.
*H. Seder*, (*S. Seder* with him,) for the plaintiffs.

QUA, J. These are three actions for personal injury (including property damage in the first case) and a fourth action for death and conscious suffering, all arising out of a collision on a public way in Spencer, on September 12, 1937, between an automobile owned by the defendant and driven by one Womer and an automobile in which the plaintiffs and the deceased were riding. The bill of exceptions states that the only issue is whether there was any evidence which would warrant the jury in finding that the defendant's automobile was being operated by a person

* The companion cases were brought respectively by Victoria Legarry, Walter J. Leggary, and William J. Legarry, executor, and were against the same defendant.

(Womer) for whose conduct the defendant was legally responsible.

Proof of the fact that at the time of the collision the defendant's automobile was "registered in the name of the defendant as owner" would be "prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible," and absence of such responsibility would be "an affirmative defence to be set up in the answer and proved by the defendant." G. L. (Ter. Ed.) c. 231, § 85A. Under . this statute the mere fact of registration in the name of the defendant as owner commonly carries the case to the jury so far as agency of the driver in behalf of the defendant is concerned. *Thomes* v. *Meyer Store Inc.* 268 Mass. 587. *Haun* v. *LeGrand,* 268 Mass. 582. *Wilson* v. *Grace,* 273 Mass. 146. *Ferreira* v. *Franco,* 273 Mass. 272. *Karpowicz* v. *Manasas,* 275 Mass. 413, 418. *Bruce* v. *Hanks,* 277 Mass. 268. *Greenburg* v. *Gorvine,* 279 Mass. 339. *Boyas* v. *Raymond,* 302 Mass. 519, 521–522. The jury may disbelieve the testimony of witnesses tending to the contrary, even though they are called by the plaintiff. *Haun* v. *LeGrand,* 268 Mass. 582, 584.

But the defendant contends that G. L. (Ter. Ed.) c. 231, § 85A, does not apply, because, as the defendant says, the automobile admittedly owned by the defendant was not "registered in the name of the defendant as owner." This contention rests upon the claim that the defendant, being a dealer, instead of registering this particular automobile as an owner under G. L. (Ter. Ed.) c. 90, § 2, had applied under § 5 for "a general distinguishing number or mark" and held a certificate of registration issued under the latter section "containing the name and business address of the applicant and the general distinguishing number or mark assigned to him." By § 5 "all motor vehicles or trailers owned or controlled by . . . [the] dealer . . . shall be regarded as registered under such general distinguishing number or mark until sold or let for hire or loaned for a period of five successive days," provided that the number plates furnished by the registrar are properly displayed

thereon. There was evidence that at the time of the collision the defendant's automobile carried Massachusetts dealer's plates. It could be inferred that these were plates duly furnished to the defendant by the registrar under § 5. *Karpowicz* v. *Manasas*, 275 Mass. 413, 419. There was also evidence that the defendant had not "let for hire or loaned" the automobile "for a period of five successive days." There was other and different evidence which might possibly support a finding that this automobile was in fact registered to the defendant under § 2, but we prefer to deal with the larger question and to assume as the fact · the defendant's view that it was being operated under a dealer's certificate issued in accordance with § 5.

This case thus presents the question whether G. L. (Ter. Ed.) c. 231, § 85A, applies with respect to a vehicle which is not separately registered on application of the owner under G. L. (Ter. Ed.) c. 90, § 2, but is to be "regarded as registered" under § 5 because owned by a dealer and bearing a set of his plates. Stated differently, the question is whether a vehicle in fact owned by a defendant dealer and operated under his dealer's plates is "registered in the name of the defendant as owner" within the meaning of those words as used in c. 231, § 85A. It was suggested that such a question might be raised in *Foley* v. *John H. Bates Inc.* 295 Mass. 557, 560–561, but no attempt was there made to answer it. See also *Liddell* v. *Middlesex Motor Co.* 275 Mass. 346, 350, 351, and *Liddell* v. *Standard Accident Ins. Co.* 283 Mass. 340, 344–347.

Section 85A was important remedial legislation. It was obviously intended to do away with the difficulty which under the law as it had previously stood was often encountered by injured persons in trying to make formal proof that the driver was operating in the owner's behalf at the time of an accident. The truth about this matter would be known to the defendant and the evidence would normally be within his control. The truth would commonly be unknown to the plaintiff and often very difficult of ascertainment by him. It may well have been thought that greater justice would be done and more responsible control

over motor vehicles established by shifting the burden. Registration as owner could be used as a means of accomplishing these results. The law in this Commonwealth would thus be brought into approximate conformity with that manifested by judicial decision in a number of other jurisdictions. *Thomes* v. *Meyer Store Inc.* 268 Mass. 587, 589. See cases collected in 74 Am. L. R. 951. Compare *Arnold* v. *Brereton*, 261 Mass. 238, 241, decided before the enactment of § 85A. The objects sought can best be attained by a liberal construction and a wide application of the act throughout the field and would be in part defeated by limitation to special classes of cases. The evils to be overcome would seem to exist in connection with vehicles owned by dealers no less than in connection with those owned by persons not dealers, and the remedy would seem equally appropriate. Chapter 231, § 85A should therefore be held to apply where the vehicle involved in an accident is owned by a dealer and is "regarded as registered" under c. 90, § 5, if the words of § 85A will fairly admit of that construction.

We think that the words of § 85A will fairly admit of that construction. To begin with, we have no doubt that a dealer's vehicle "regarded as registered" under c. 90, § 5, is to be regarded as registered for all purposes and is in reality as fully "registered" for the purposes of § 85A as a vehicle registered under c. 90, § 2. Section 5 itself refers to "vehicles . . . registered in accordance with this section." Where the dealer is the defendant there can be no doubt that the vehicle is registered "in the name of the defendant" when it is operated under a dealer's certificate issued to him by name. The question remains whether it is registered in the name of the defendant "as owner." We think it is where the defendant dealer is in fact the owner. By § 5 a particular vehicle comes under the protection of the dealer's certificate and plates either by virtue of being "owned" by him or by virtue of being "controlled" by him. If, therefore, he owns the vehicle, it is not stretching the meaning of words to say that it becomes "registered in his name as owner" when, having a certificate in his name under § 5, he places his plates upon the vehicle.

It is possible that this construction may lead to a distinction in the application of G. L. (Ter. Ed.) c. 231, § 85A, between vehicles owned by a dealer and those merely in his control without ownership. We need not now decide the point. Even if our reasoning leads to that distinction, the difficulty seems to us to be less than would be involved in holding that all owners except dealers are subject to the burdens of § 85A, but that dealer owners are to escape. There may be reasons for treating vehicles owned differently from those merely in the control (usually temporary) of the dealer.

In our opinion there was *prima facie* evidence under G. L. (Ter. Ed.) c. 231, § 85A, warranting the jury in finding that the defendant was legally responsible for the conduct of Womer.

*Exceptions overruled.*