Eno, J.
This is an action of tort for damage to real property sustained by the plaintiffs as a result of the alleged negligent operation of a motor vehicle owned by the defendant and operated by its servant or employee. The answer is a general denial and an allegation that the motor vehicle was not then “being operated by and under the control of a person for whose conduct the defendant was legally responsible”. The trial justice reported the case under G. L. 231, s. 108.
This action was tried together with the following others: Annie Andrew v. Anthony J. Ryan Co., Inc., No. 22304 in which there was a finding for the defendant, the court making the following ruling in that case: “I find that John Ryan was operating within the authority of the defendant, Anthony J. Ryan Co., Inc., at the time and place of this damage to the plaintiff’s property”.
*244 “I find that the plaintiff received no personal injury as the result of the negligent operation of the defendant’s motor vehicle by the defendant’s employee, John Ryan”; Charles Andrew and Annie Andrew v. John Ryan No. 22988, in which there was a finding for the plaintiff:
COURT’S FINDINGS OF FACTS: “I find that the defendant was operating his employer’s, Anthony J. Ryan Co., Inc., motor vehicle with authority at the time of this collision. I find that the defendant was negligent and this negligence caused property damage to the plaintiffs”. Annie Andrew v. John Ryan No. 22987, in which there was a finding for the defendant.
There was evidence at the trial tending to show that the plaintiffs, on July 24, 1942, were the owners of real property located at 14 Townsend Street, in the Roxbury District of Boston; that the defendant was the registered owner of a motor vehicle; that on said day, said motor vehicle was being operated by John Ryan about 5:0G P. M. when it left the road and tore down an iron fence and damaged hedges and trees located on the plaintiffs’ premises; that the said John Ryan was employed by the defendant and had worked that day for his employer with another motor vehicle collecting refuse in the Back Bay route of Boston; that he started out from the garage about 7:00 A. M. that day; that between 12:00 Noon and 1:00 P. M. he returned this motor vehicle to the garage; that he then, in company with a helper, Anthony Yucas, went to a nearby tavern or drinking place and had a few drinks, staying there about two or three hours; that thereafter, he and said Yucas returned to the garage and took this truck which later became involved in the accident; that while operating the same on Townsend Street, in an attempt to avoid collision with an oncoming vehicle, he crossed the sidewalk and damaged the plaintiffs’ property.
*245 There was further evidence that the said John Ryan operated this truck down Townsend Street where there were no parked cars and no approaching vehicles and that the truck went over the sidewalk at or near the home of the plaintiffs’ going through a fence on the plaintiffs’ land and continuing on through the property, damaging the back fence thereon and coming out on Codman Park.
There was still further testimony that it was the custom to drop men employed by the defendant on their way back to the garage after having finished their collections but that they did not go off their course to take any one home. The said John Ryan also testified that when he returned to the garage late in the afternoon and took this other truck, he was not then on any business for his employer and he had not. received permission from anyone to use this truck, and that, at the time of the accident, he was not on any business of his employer and he was really taking his friend Yucas home. After the accident, said J ohn Ryan was employed by the defendant until about January, 1943.
There was testimony from the President of the defendant corporation, who was the active manager of the affairs of the corporation, to the effect that the corporation maintains a garage used only by itself; that there was an employee stationed in the garage who would not permit any unauthorized person to take a truck; that there were no accurate time records kept of when the employees went from the garage or returned, or finished their work; that the operator of the motor vehicle involved in the accident was originally employed as a helper but on the morning of the accident had permission to operate a motor vehicle of the defendant corporation on the Back Bay route and on several prior occasions that he had operated motor vehicles of the defendant corporation; that the operator was paid on the basis of an 8 hour day but that this did not *246 require him to work 8 hours and that upon completion of his route, his day’s work was done; that the first knowledge he had of the accident was when informed by the Police; and that the operator continued to work for the corporation for one year and a half after the accident and that he did not give the operator permission to use the same other than for the purpose of his business.
At the conclusion of the trial, the defendant seasonably requested the court to rule as follows:
‘ ‘ 1. Upon all the evidence there should be a finding for the defendant because, although the plaintiff is aided by General Laws Chapter 231, Section 85A, all the evidence was that the vehicle owned by the defendant was not being operated with either the express or implied permission of the owner and was not being operated on the business of the. owner. 2. Upon all the evidence there should be a finding for the defendant as the plaintiff must sustain the burden of proof by a fair preponderance of the evidence, although aided by General Laws Chapter 231, Section 85A.”
The court found for the plaintiffs and made the following findings of facts:
“I find that the defendant’s motor vehicle was operated by its employee, John Ryan at the time of this collision. I find that John Ryan was negligent in the operation of the defendant’s employer’s motor vehicle and caused damage to the property of the plaintiff.”
The report states that it contains all the evidence material to the issue.
The court, having taken no action on the requested rulings, we treat them as having been denied, Kravetz v. Lipofsky, 294 Mass. 80, and since, at the hearing before this Division, the defendant waived its request number 2, the only issue in this case now is on the denial of request numbered 1.
*247 General Laws, Chapter 231, Section 85A provides that: “In all actions to recover damages for injuries to the person or property or for the death of a person, arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person, for whose conduct the defendant was legally responsible, and absence of such responsibility .shall be an affirmative defence to be set up in the answer and proved by the defendant.”
The defendant concedes in its brief that if the trial justice disbelieved the testimony of the defendant, he would be justified in finding for the plaintiff, based upon the prima facie evidence afforded by the statute above quoted, but contends that the trial justice by his findings of facts did not find that the operator was on the defendant’s business, but simply that the motor vehicle was operated by its employee.
But by its denied first request the defendant asked the court to rule that as a matter of law, the finding should be for the defendant. This request could not be given since it was a question of fact for the trial justice whether “the prima facie evidence was overcome and the affirmative evidence established.” If the trial justice believed the defendant and its witnesses, he would have been justified in finding for the defendant, but he could disbelieve their testimony and rely on the statute which latter course he apparently followed. In the case of Ferreira v. Franco, 273 Mass. 272, the court said at page 274:
“By force of the statute, the defendants’ admission that at the time of the accident the motor truck was owned by them, registered in their names and operated by Coelho, was prima facie evidence that they were legally responsible for Ids conduct, and the burden of *248 proving the contrary rested upon them. They introduced evidence tending to show that Coelho had no license to operate motor vehicles and that when the accident occurred, though he was their employee, he was not acting within the scope of his employment. If believed, this evidence warranted a finding that the prima facie evidence was overcome and the affirmative defence established. But the evidence was oral and, even if contradicted only by the prima facie evidence, might be disbelieved by the jury. Thomes v. Meyer Store Inc., 268 Mass. 587. Haun v. LeGrand, 268 Mass. 582.” See also Wilson v. Grace, 273 Mass. 146.
As a matter of fact the trial justice would be in error if he had granted the defendant’s request because as was said in Evans v. County of Middlesex, 209 Mass. 474 at 480:
“The burden of proof was upon the plaintiff (in the instant case upon the defendant on the issue raised by defendant’s answer) and where an affirmative issue must be made out by one party upon evidence, a part of which is oral, ordinarily such a ruling cannot be given as a matter of law.”
And even though the evidence in favor of the party having the burden of proof is uncontradicted, that party, as a matter of law, is not entitled to prevail because the trial justice may still disbelieve such evidence in its entirety. Pearson v. O’Connell, 291 Mass. 527.
Therefore there was no error in the denial of the defendant’s first request for ruling and the report is to be dismissed.