HERBERT H. JOHNSON *vs.* ASSESSORS OF SPRINGFIELD.

Suffolk.    February 6, 1950. — March 6, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Taxation,* Personal property tax: motor vehicle, exemption. *Motor Vehicle*, Dealer, Taxation.

An automobile, which was owned or controlled on January 1, 1948, by a dealer in automobiles to whom had been issued a general distinguishing number or mark under G. L. (Ter. Ed.) c. 90, § 5, and which therefore was not subject to an excise under c. 60A on that date, was not exempt under c. 59, § 5, Thirty-fifth, as appearing in St. 1939, c. 24, § 2, from a personal property tax assessed thereon as of that date, even though later in 1948 the automobile was sold to one who registered it and paid an excise tax on it.

APPEAL from a decision by the Appellate Tax Board.

*B. S. Freeman,* (*M. H. Aronstam* with him,) for the taxpayer.

*C. D. Sloan,* City Solicitor, for the assessors of Springfield.

*E. C. Park,* by leave of court submitted a brief as amicus curiae.

WILLIAMS, J. This is an appeal by the taxpayer from a decision of the Appellate Tax Board sustaining the denial by the assessors of the city of Springfield of the taxpayer's application for abatement of a tax assessed as of January 1, 1948, on eleven automobiles owned or controlled by the taxpayer, a dealer in automobiles on that date. A general distinguishing number or mark had been issued to the taxpayer under G. L. (Ter. Ed.) c. 90, § 5. It is stipulated by the parties that the eleven automobiles were not registered on January 1, 1948, under c. 90 (although see *Legarry* v. *Finn Motor Sales, Inc.* 304 Mass. 446), and that no excise tax under c. 60A was paid by the taxpayer on any of these vehicles. During the calendar year 1948 they were sold at different times to various purchasers who registered the vehicles and paid excise taxes on them under the provisions of c. 60A.

Under G. L. (Ter. Ed.) c. 59, § 2, all personal property within the Commonwealth unless expressly exempt is subject to taxation. Clause Thirty-fifth of § 5 of said chapter as appearing in St. 1939, c. 24, § 2, exempts from taxation "Motor vehicles and trailers subject to taxation under the provisions of chapter sixty A, irrespective of the date of registration thereof under chapter ninety." General Laws (Ter. Ed.) c. 60A, entitled "Excise tax on registered motor vehicles in lieu of local tax," imposes an excise tax on motor vehicles and trailers for the privilege of registration. See *Opinion of the Justices,* 250 Mass. 591, 603. This excise, however, does not apply to motor vehicles or trailers owned or controlled by a dealer to whom a general distinguishing number or mark has been issued. As such a number or

mark had been issued to the taxpayer, his motor vehicles were not subject to an excise under c. 60A on January 1, 1948, and therefore were not exempt under clause Thirty-fifth of § 5 of c. 59 from local taxation.

The taxpayer contends that when the several vehicles were later sold, and were registered and excises under c. 60A paid by the respective purchasers, he became entitled to abatements of the taxes paid by him as of January 1, 1948, on the respective vehicles. He relies on the words "irrespective of the date of registration thereof under chapter ninety" which were added to § 5, Thirty-fifth, of c. 59 by St. 1931, c. 184, entitled "An Act to prevent double taxation of registered motor vehicles." If we assume that the title of the amending statute accurately expresses the intent of the Legislature in enacting the amendment (*Charles I. Hosmer, Inc.* v. *Commonwealth*, 302 Mass. 495, 501), the taxpayer does not bring himself within a class apparently so designed to be benefited. Before the amendment he was not subject to double taxation in reference to motor vehicles owned or controlled by him and operated under a general distinguishing number or mark. Without so deciding, it may well have been that the amendment was enacted to relieve from the personal property tax owners of motor vehicles who might fail to register them on the first of January but thereafter because of later registration became liable to pay the excise tax.

We find nothing in the amendment of 1931 to evidence an intent of the Legislature that a personal property tax assessed as here on motor vehicles not subject at the time of such assessment to the excise tax should be abated because at some future time some person or persons other than the taxpayer might become liable to pay an excise tax on the same vehicles.

*Decision for the assessors.*