ISABELLE M. LASKEY & another *vs.* RAILWAY EXPRESS
AGENCY, INCORPORATED
(and a companion case[1]).

Middlesex.     May 3, 1950. — September 13, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Agency,* What constitutes. *Evidence,* Presumptions and burden of proof. *Motor Vehicle,* Registration. *Practice, Civil,* Requests, rulings and instructions.

In an action involving the issue whether the defendant, the owner of a motor vehicle registered in his name, was legally responsible for conduct of an operator of the vehicle causing it to injure the plaintiff, it was for the trier of the facts to determine the credibility of evidence, not binding on the plaintiff, tending to rebut the prima facie evidence of such responsibility created by G. L. (Ter. Ed.) c. 231, § 85A, whether such rebutting evidence came from the plaintiff's witnesses or from the defendant's witnesses.

A judge sitting without jury may properly refuse a requested ruling if it assumes facts which he is not required to find.

Evidence that one who had worked on certain days driving a motor truck for its owner was told by the owner to report for work on a subsequent day, without further instructions, would warrant an inference that he was authorized to do on that day what he had done on the previous days.

Certain evidence offered by a defendant to show that the operator of a motor truck owned by the defendant and registered in his name was not driving it as his agent at a time when it injured the plaintiff, and to rebut the prima facie evidence created by G. L. (Ter. Ed.) c. 231, § 85A, was not conclusive of the issue of agency in the circumstances and did not require a finding for the defendant even if believed by the trier of the facts.

[1] The companion case is that of William H. Montgomery against the same defendant.

Two ACTIONS OF TORT. Writs in the First District Court of Eastern Middlesex dated April 18, 1949, and April 16, 1949, respectively.

The actions were heard by *Russell*, J.

*A. M. Pinkham*, for the defendant.

*R. F. Roach*, for the plaintiffs Isabelle M. Laskey and another, submitted a brief.

*L. E. Conn*, for the plaintiff Montgomery, submitted a brief.

QUA, C.J. These are actions for personal injuries[1] sustained by the plaintiffs on February 19, 1949, when a truck of the defendant registered in its name and negligently driven by one Galvin, who was under the influence of intoxicating liquor, struck the rear of a parked automobile in which the plaintiffs were sitting. In each action there was a finding for the plaintiff, and the Appellate Division dismissed a report.

The issue in each case, presented by denial of certain of the defendant's requests for rulings, is whether Galvin was a person for whose conduct the defendant was legally responsible. Under G. L. (Ter. Ed.) c. 231, § 85A, registration of the truck in the defendant's name was "prima facie evidence that it was . . . [at the time of the accident] being operated by and under the control of a person for whose conduct the defendant was legally responsible," and absence of such responsibility was an affirmative defence to be proved by the defendant.

There was much evidence, all introduced by the defendant, tending to show that Galvin was employed by the defendant from time to time for such temporary work as he might be directed to do; that he had worked on February 17 and 18, taking the place of one Keating, a regular driver who was ill; that Galvin was told by the defendant's agent "in charge of the Melrose office" to report at 9 A.M. on the nineteenth, but that he did not report at that time; that at

---

[1] In the first action there was also a count by the husband of Isabelle M. Laskey for consequential damages, on which the court found for the defendant. In the second action there is also a claim for property damage.

11 A.M. the agent told Galvin over the telephone that Keating had returned and that there would be no work for Galvin that day; that he was told over the telephone by the defendant's cashier at its Melrose office, whose authority in the matter does not appear, that "he had better get out of the garage and quick"; and that the defendant's truck that was in the accident was a spare truck kept in the Malden garage for use only in cases of emergency or when one of the regular trucks was laid up for repairs. Galvin himself, called by the plaintiffs, testified that he did not hear any instructions not to report for duty on the nineteenth; that he went to the defendant's Malden garage; that he telephoned the Melrose office and talked with the cashier who told him to "get out"; and that he then took a truck and had driven it about a block on the direct route to the Melrose office when the accident happened.

Even though there was evidence tending to rebut the prima facie evidence (supplied by the registration of the truck in the defendant's name) that Galvin was a person for whose conduct the defendant was legally responsible, it was for the trial judge to decide how much of this evidence he would believe, whether it came from witnesses called by the defendant or from the witness called by the plaintiffs. *Haun* v. *LeGrand,* 268 Mass. 582, 584. *O'Brien* v. *Harvard Restaurant & Liquor Co. Inc.* 310 Mass. 491, 493. The judge found that Galvin was an agent of the defendant "who was on business" of the defendant.

This brings us to the consideration of the defendant's requests which were denied. These were the same in each case.

1. There was no error in the denial of the defendant's second request that there was no evidence that the defendant's truck "was operated by or was under the control of a person for whose conduct the defendant was legally responsible, other than the prima facie evidence that . . . [it] was registered in the name of the defendant as owner." Other evidence is found in the testimony that Galvin had driven a truck for the defendant on February 17 and 18,

had been told to report again on the nineteenth, heard no instruction not to report on the nineteenth, and on the nineteenth was driving the truck on the direct route from the defendant's Malden garage to its Melrose office.

2. There was no error in the denial of the defendant's fifth request, "The fact that Galvin had been called on February 17 and 18 to take the place of driver Keating who was sick, did not authorize Galvin to do any work for the defendant on February 19 after Keating had returned and was doing his regular work." This request required the judge to accept as facts the testimony of the defendant's witnesses that Galvin was merely taking the place of Keating, that Keating had been out sick, and that he had returned. The judge was not obliged so to find. *Liberatore* v. *Framingham*, 315 Mass. 538, 543. *Strachan* v. *Prudential Ins. Co.* 321 Mass. 507, 508.

3. There was no error in the denial of the defendant's sixth request, "The fact that Galvin had been told by Agent McGinley to report for work on February 19 did not authorize Galvin to do any work unless he was told what work he was to do." The judge could find that Galvin had worked on previous days driving a truck for the defendant and could infer that if he was told to report for work on the nineteenth without further instruction he was authorized to do what he had previously done.

4. There was no error in the denial of the defendant's tenth request. This request consists of four paragraphs. Each paragraph begins, "If the court believes . . . ." The final paragraph ends, ". . . the court must find in favor of the defendant . . . in both cases." Altogether the request fills nearly a printed page of the record. Each paragraph is in substance a statement of a part of the evidence introduced by the defendant, and all the paragraphs taken together constitute a summary of the evidence hereinbefore set forth upon which the defendant relied to show that Galvin was not the agent of the defendant in driving the truck. The several paragraphs are connected by the expression "and/or," so that when read literally and accu-

rately the request meant that the court must find for the defendant if it believed either all of the evidence summarized in the entire request or the evidence summarized in any separate paragraph contained in it. When the paragraphs are considered disjunctively the request would lead to absurd results, such as that the judge must find for the defendant if he believed that the truck was a spare truck for use only in cases of emergency or when one of the regular trucks was laid up for repairs, or if he believed that Galvin took out the spare truck while under the influence of liquor. But aside from this the request could not be given for the further reason that even if all the evidence summarized in it was believed it was still possible that Galvin may have been authorized to drive the truck by some duly empowered agent of the defendant at some time and in some manner not disclosed. The judge was not required to infer that the defendant's agent and its cashier at its Melrose office had sole jurisdiction over Galvin's employment at its Malden garage. The fact of registration of the truck in the defendant's name, made prima facie evidence by the statute, was still some evidence of Galvin's authority. *Haun* v. *LeGrand,* 268 Mass. 582. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 566. *Pochi* v. *Brett,* 319 Mass. 197, 204. See *Thomes* v. *Meyer Store Inc.* 268 Mass. 587; *Ferreira* v. *Franco,* 273 Mass. 272, 273–274; *Greenburg* v. *Gorvine,* 279 Mass. 339; *Legarry* v. *Finn Motor Sales, Inc.* 304 Mass. 446, 447; *Arrigo* v. *Lindquist,* 324 Mass. 278. Whether this tenth request was open to still further objection on the ground of form need not be considered.

5. The defendant's eleventh request adds nothing to the others and has not been separately argued.

In each case the order of the Appellate Division dismissing the report is affirmed.

*So ordered.*