GERTRUDE T. BUTLER *vs.* MECHANICS IRON FOUNDRY COMPANY.

MARSHALL F. FLAGG *vs.* SAME.

Essex.    March 18, 23, 1927. — May 20, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Agency,* Existence of relation.

At the trial of an action against the owner of a motor truck for personal injuries resulting from its being negligently driven, there was evidence that the defendant engaged a chauffeur to drive the truck and instructed him "to have nobody ride on the trucks"; that the driver met another driver, who was a licensed operator but was not an employee of the defendant, and who asked for a ride and to drive; that, being allowed to drive by the defendant's chauffeur, he negligently caused the plain-

tiff's injury; and that, except in allowing the second driver to drive the truck, the defendant's chauffeur was not to blame for the accident. *Held*, that

(1) The act of the defendant's chauffeur in disobeying orders and in permitting the second driver to drive was not one for which the defendant could be found liable;

(2) The defendant was not responsible on the ground that he entrusted the machine to his chauffeur.

Two ACTIONS OF TORT for personal injuries resulting from a collision of an automobile of the plaintiff in the first action, driven by the plaintiff in the second action, with a motor truck of the defendant.   Writs dated September 27, 1924.

In the Superior Court, the action was tried before *Gray*, J. Material evidence and exceptions by the defendant are stated in the opinion.   There were verdicts for the plaintiffs, respectively, in the sums of $1,850 and $275.   The defendant alleged exceptions.

*J. T. Connolly*, for the defendant.

*F. H. Eaton & F. N. Chandler*, for the plaintiffs, submitted a brief.

CARROLL, J.   There was evidence that the plaintiff Flagg, who was driving the automobile of the plaintiff Butler, was using proper care; that he was injured and the automobile damaged by a collision with the defendant's truck, caused by the negligence of one Doyle who at the time was operating it.

Michael Welch was employed by the defendant as a chauffeur to drive the truck.   He was instructed, according to the testimony of the defendant's superintendent, "to have nobody ride on the trucks."   It was agreed that Welch would testify, if present, that he was employed to drive the truck and was instructed to allow no one to ride with him; that he met Charles Doyle, a licensed chauffeur, who asked for a ride; that Doyle asked to drive; that about "two miles before the accident" Welch allowed him to drive; that Doyle pulled over to the left and was unable to return to the right side of the way because "of the cars on his right"; that he expected Doyle would stop, but "the truck did not stop and both cars came together on the left side of the street"; and that the truck was practically new and in

perfect condition. It was also agreed that Doyle would testify that he had never been employed by the defendant; that he was allowed by Welch to drive the truck; that seeing the Butler car approaching him, he became excited and pulled his gas control to "shut off the gas," but "owing to his inexperience with the truck, he pulled it on instead of shutting it off and neglected to apply his brakes."

It was not within the scope of Welch's authority to permit Doyle to ride upon the truck or to operate it. The defendant, who had no knowledge of these acts of Welch, and neither expressly nor impliedly authorized them, would not be liable if Doyle were injured by the negligence of Welch; see *O'Leary* v. *Fash*, 245 Mass. 123, and cases cited; and to hold the defendant responsible to the plaintiffs for the negligence of Doyle would impose on the master a liability to respond in damages for the unlawful conduct of an intruder, whom he never engaged as a servant or authorized to act for him, whose acts he was not expected to anticipate and of which he was ignorant. The relation of master and servant cannot be imposed upon a person without his consent expressed or implied. The defendant was free to select his own servants. He was responsible for their acts within the real or apparent scope of their employment; but he was not responsible for the acts of a volunteer or of an assistant permitted without his authority to act for him. If Doyle took possession of the defendant's truck without the consent of Welch and against his will, the defendant would not be liable for the acts of Doyle. As Welch could not delegate his duties, his permission to Doyle to ride on the truck and drive it was without any authority whatever from the master, who is not responsible for the resulting negligence. *Gwilliam* v. *Twist*, 2 [1895] Q. B. 84. *Clough* v. *Rockingham County Light & Power Co.* 75 N. H. 84. *White* v. *Levi & Co.* 137 Ga. 269. *Board of Trade Building Corp.* v. *Cralle*, 22 L. R. A. (N. S.) 297. *Armstrong* v. *Sellers*, 182 Ala. 582.

Many of the decisions which appear to be contrary to this principle rest upon the fact that the employment of the assistant was expressly or impliedly assented to, or was ratified, or there existed an emergency requiring additional

assistance, where authority to procure additional assistance might be implied. *Hollidge* v. *Duncan,* 199 Mass. 121. *Althorf* v. *Wolfe,* 22 N. Y. 355. *Haluptzok* v. *Great Northern Railway,* 26 L.R.A. 739. *Kirk* v. *Showell, Fryer & Co. Inc.* 276 Penn. St. 587.

Statements are to be found in some of the decisions indicating that a master who is the occupier of real estate may be liable for the acts of a volunteer assistant to his servant on the ground that it was the master's duty to abate or prevent a nuisance. See *Althorf* v. *Wolfe, supra; Bush* v. *Steinman,* 1 B. & P. 404. None of these facts are to be found in the case at bar. Welch's acts were unauthorized, they were not ratified, and there was no necessity for procuring assistance.

It is contended that the verdict was warranted because of the contributing negligence of Welch. If Welch withdrew when Doyle took control, leaving the truck entirely to his management, the master would not be liable for his acts. Nor is the master liable because Welch was on the driver's seat. The entire transaction in allowing Doyle to ride and to drive the truck was unauthorized. It was contrary to the servant's instructions and in violation of the duty he owed the defendant. No negligence of Welch contributed to the plaintiff's injury and damage for which the defendant can be held responsible. Moreover, it does not appear that Welch was in a position to apply the brakes when the collision was impending; that he knew Doyle was about to pull the gas control instead of shutting it off; or that Welch did anything contributing to the injury and damage, or could have done anything, at the moment of the accident, to prevent it.

The defendant was not responsible on the ground that he entrusted the machine to Welch. A master is not responsible for the unauthorized use of an automobile by his servant. *Melchionda* v. *American Locomotive Co.* 229 Mass. 202.

The defendant's motion for a directed verdict in each case should have been allowed.

*Exceptions sustained.*

*Judgment for the defendant in each case.*