## MORRIS BROITMAN *vs.* TILLIE SILVER.

Suffolk. December 3, 1929. — January 7, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Agency,* Scope of authority.

At the trial of an action against the owner of a bakery for personal injuries received while the plaintiff was riding on a truck used by the defendant in his business and caused by negligence of the driver of the truck, it appeared that the driver and a son of the defendant were employed in the business, and there was evidence that the driver was

hired to drive the truck and to deliver merchandise; that he had no further authority; that the defendant's son was employed by the defendant as a "checker" or "shipper"; that he carried the keys of "this store, and on the morning of the accident . . . opened the store for the driver", and, after the driver had departed, closed the store. The plaintiff testified he had known the son for seventeen years and had seen him in the bakery. When asked if he had heard the son give instructions to employees, he answered, "A few times that I walked by I did; as many times as I passed by I seen employees talking to him . . . different times I walked by, he would ask some questions and he told him to deliver from one store to the other store." It appeared that, when the defendant was not present, the plaintiff was invited by the driver to "Come along with me and give me a lift"; that, upon his demurring, the defendant's son said to him, "Go ahead. He will be back before six," and directed the driver to "Make it as snappy as you can." There was a verdict for the plaintiff. Upon exceptions by the defendant, it was *held*, that

(1) There was no evidence that either the driver or the son had express or implied authority to invite or permit the plaintiff to go on the truck or to accompany the driver as a guest or servant of the defendant;

(2) Judgment was ordered to be entered for the defendant.

Tort for personal injuries. Writ dated December 1, 1926.

In the Superior Court, the action was tried before *McLaughlin,* J. Material facts and evidence are stated in the opinion.

At the close of the evidence, the defendant moved that a verdict be ordered in her favor. The motion was denied. The defendant then asked, among others, for the following rulings:

"11. Upon the evidence, the plaintiff was upon the truck without any invitation from the defendant herself or from any servant authorized to invite the plaintiff to ride upon the truck or accept him as a passenger thereon."

"13. In the alternative, without waiving the foregoing requests, if the plaintiff was on the truck upon the invitation of the defendant's driver, then he was at most only a passenger and could recover in this action only by proof that the driver of the truck was guilty of gross negligence.

The bill of exceptions stated that the judge "charged the jury, in substance, that if it were true that Weiss invited the plaintiff to ride to assist him or to hasten the

journey, then there was no evidence that Weiss had authority so to invite him. If the invitation of Weiss to the plaintiff amounted to no more than a ride for pleasure, even if Oscar joined in the invitation, and the plaintiff did not enter the truck to render a service to the defendant but entered it solely for his own pleasure, then the plaintiff was there solely as a guest and there was no evidence to justify a finding that Oscar had any authority to invite any guest to ride upon the truck. That the burden was upon the plaintiff to satisfy the jury that Oscar had authority to hire the plaintiff to help the driver Weiss; that it was not necessary that express words of authority should have been given by the defendant to Oscar and that one's authority might be implied from the circumstances, and that the plaintiff claimed that the nature of the duties of Oscar and the circumstances surrounding the plaintiff's becoming a passenger on the truck would justify the inference that Oscar did have authority to employ him; that the burden of proof was upon the plaintiff to show by the greater weight of evidence that Oscar had authority to invite the plaintiff to be upon the truck; that if the jury could fairly say they were convinced, and the burden of proof was on the plaintiff on that point, that the plaintiff was not a mere guest, but was upon the truck to help the defendant, then the jury would consider the other question, of equal importance, whether Oscar had authority, express or implied, to invite the plaintiff to help the driver; that if they could not fairly say that Oscar had such authority then they should find for the defendant; if, however, they should find that Oscar had authority to invite the plaintiff to ride to help in delivery of the bread, then the duty devolved upon the defendant, through her driver, to operate the car with ordinary care; that Weiss would be bound in that case to operate the car with the ordinary skill, prudence and watchfulness, which ordinarily careful persons exercise; that there was no presumption that the driver was negligent, and the burden of proof of showing such negligence was upon the plaintiff."

There was a verdict for the plaintiff in the sum of $800. The defendant alleged exceptions.

In this court, the plaintiff did not argue that there was evidence at the trial of gross negligence on the part of Weiss.

*J. T. Pugh,* for the defendant.

*A. J. Zimmerman,* (*S. Zimmerman* with him,) for the plaintiff.

CARROLL, J.    The plaintiff was injured while riding on a motor truck owned by the defendant and operated by her servant Weiss.    The defendant carried on a bakery in Boston where she had "two bakeshops."    Her sons Oscar and Herbert as well as Weiss were employed by her.    The plaintiff testified that he was standing on the sidewalk near the defendant's store about two o'clock in the morning when Weiss, the driver of the truck, said to him, "Come along with me and give me a lift," to which the plaintiff answered, "No, I have to go into work at six o'clock in the morning"; that Oscar Silver said to the plaintiff, "Go ahead.    He will be back before six," and directed Weiss to "Make it as snappy as you can"; that Oscar was present when Weiss asked the plaintiff "to give him a lift."    Mrs. Silver, the defendant, was not present when this talk took place.

The first count of the declaration alleges that the plaintiff was injured "through the carelessness and gross negligence of" the defendant's servant.    The second count states that the plaintiff was "riding as a passenger for consideration" in the defendant's automobile.    There was evidence of the plaintiff's care and of the negligence of the driver of the truck.    The plaintiff had a verdict.    The case is before us on the defendant's exceptions to the refusal to direct a verdict in her favor.

The record presents the question, Did Weiss, the driver of the truck, or Oscar Silver have authority to employ the plaintiff or invite him to ride on the truck as a guest or as a servant of the defendant?

There was no evidence that Weiss was authorized to in-

vite the plaintiff to be upon the truck or to employ him in the defendant's service. Weiss was hired to drive the truck and to deliver merchandise; he had no further authority. In permitting the plaintiff to ride, Weiss was not acting within the real or apparent scope of his employment. Mrs. Silver did not expressly or impliedly assent to assume any duty toward the plaintiff. She did not ratify the acts of Weiss, and no emergency existed requiring additional assistance. *O'Leary* v. *Fash,* 245 Mass. 123, 127. *Stone* v. *Commonwealth Coal Co.* 259 Mass. 360. *Butler* v. *Mechanics Iron Foundry Co.* 259 Mass. 560, 563. *Murphy* v. *Barry,* 264 Mass. 557, 559.

Oscar Silver had no express authority to invite or permit the plaintiff to go on the truck or to accompany Weiss as a guest or servant of the defendant. The evidence shows that Oscar was employed by his mother as a "checker" or "shipper." He carried the keys of "this store, and on the morning of the accident he opened the store for the driver"; after the driver departed he closed the store. It did not appear that he had any authority to hire or discharge employees of the defendant. The plaintiff testified he had known Oscar for seventeen years, and had seen him in the bakery. When asked if he had heard Oscar give instructions to employees he answered, "A few times that I walked by I did; as many times as I passed by I seen employees talking to him . . . different times I walked by, he would ask some questions and he told him to deliver from one store to the other store." There is nothing in this evidence taken most favorably for the plaintiff to show that Oscar was a general manager or was vested with any authority to permit the plaintiff to be upon the truck. The evidence relating to the instructions which it is contended he gave to other employees does not indicate that he was acting within the real or apparent scope of his authority in allowing the plaintiff to ride. There is nothing to show that the defendant expressly or impliedly assented to Oscar's inviting people to ride on the truck or securing their assistance in her business. *O'Leary* v. *Fash, supra. Stone* v. *Commonwealth Coal Co., supra,* at

page 363.  *Butler* v. *Mechanics Iron Foundry Co., supra.*
See *Powers* v. *Boston & Maine Railroad,* 153 Mass. 188,
190; *Bowler* v. *O'Connell,* 162 Mass. 319, 320.

The plaintiff relies on *Lyttle* v. *Monto,* 248 Mass. 340.
In that case the driver, who was the owner of the truck,
asked to be directed to the place he was going and in-
vited the plaintiff to "Jump on and show me."  These
facts distinguish the case from the case at bar.

As the plaintiff cannot recover on either count of his
declaration, the defendant's motion for a directed verdict
should have been granted.

<div align="center">

*Exceptions sustained.*
*Judgment to be entered for the defendant.*