### MORRIS BROITMAN *vs.* TILLIE SILVER.

Suffolk.    November 4, 1931. — March 28, 1932.

Present: RUGG, C.J., PIERCE, SANDERSON, & FIELD, JJ.

*Estoppel. Practice, Civil*, Exceptions: allowance. *Error, Writ of.*

The plaintiff in an action at law in the Superior Court is estopped to contend, upon a writ of error to have reversed a judgment for the defendant in such action, that the granting, after a verdict for the plaintiff, of certain extensions of time for the presentation and allowance of a bill of exceptions saved by the defendant at the trial was invalid because the extensions were ordered by a judge other than the trial judge after notice had been given under Common Law Rule 53 of the Superior Court (1923), and that therefore judgment should be entered for the plaintiff on the verdict, where it appeared that such orders of extension were made in the absence of the trial judge because of illness; that some of them were assented to by the plaintiff's counsel in writing; that finally a substitute bill of exceptions was allowed by the trial judge, the action was heard thereon by this court and a rescript was sent ordering judgment for the defendant; that thereafter the plaintiff moved for a new trial on the ground of newly discovered evidence; and that in none of such proceedings did the plaintiff raise the question of the invalidity of the orders called in question upon the petition for the writ of error.

Where, upon a record presented by a bill of exceptions saved at the hearing of assignments appearing in a petition for a writ of error to reverse a judgment, it appears to the full court that a final order of the single justice affirming the judgment was right, it is of no consequence that the reason stated by him was different from the ground on which the full court's decision rests.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on December 20, 1930, for a writ of error to reverse a judgment.

Writs of error and of *scire facias* having issued and returns having been made thereon, the case was heard by *Wait*, J., who ruled that no error appeared, and that, by "proceeding to argument of the exception before the full court without raising the question here presented the plaintiff waived and lost the right to the claim here asserted"; and he ordered the judgment affirmed. The petitioner alleged exceptions.

*A. J. Zimmerman*, for the petitioner.

*J. T. Pugh*, for the respondent.

RUGG, C.J. This is a writ of error to reverse a judgment entered for the defendant in the Superior Court pursuant to rescript of this court in *Broitman* v. *Silver*, 270 Mass. 24. The case now comes before us on exceptions to an order that the judgment be affirmed. The single justice found that the allegations of fact in the answer were true. Thus the following facts appear: The plaintiff brought an action of tort to recover compensation for personal injuries. A verdict was returned for the plaintiff. The defendant saved exceptions at the trial and duly filed a bill of exceptions. On April 3, 1929, the clerk of the Superior Court properly sent the notice required by Common Law Rule 53 of the Superior Court (1923) to the effect that the bill of exceptions, having remained without action for three months, would be dismissed and judgment entered as though it never had been filed, unless within thirty days, or within such further time as might be specified by the trial judge, the bill of exceptions should be allowed by him. The trial judge was incapacitated by physical disability for a considerable period, during which several extensions of time were made by other judges, some of which were assented to in writing by the attorneys for the plaintiff. After partial recovery of the trial judge, a further extension of time was granted by him with the assent in writing of the attorneys for the plaintiff. Thereafter he allowed other extensions and on October 4, 1929, a substitute bill of exceptions was filed by

the defendant, upon which the trial judge indorsed his allowance. Those exceptions were argued before this court. The attorneys for the plaintiff did not raise, either before the trial judge or before the full court, the questions now urged in support of this writ of error. After rescript, attorneys for the plaintiff filed two successive motions for a new trial on the ground of newly discovered evidence. Both were denied. Judgment was entered for the defendant on March 31, 1930.

We take judicial notice of the fact that the death of the trial judge occurred in April, 1931.

The assignments of error in substance are that under said Rule 53 no judge of the Superior Court other than the trial judge had jurisdiction to extend the time for the allowance of the bill of exceptions, that hence the trial judge had no power to allow the exceptions, and that this court was without jurisdiction to pass upon them. See *Herbert* v. *G. E. Lothrop Theatres Co.* 273 Mass. 462.

It is not necessary to discuss the merits of the points presented because the plaintiff is estopped to raise them at this time. Each and every fact now urged as constituting error was known to the plaintiff or his attorney at the moment it happened. If he had intended to rely upon any or all of them, ample opportunity as matter of law was open to him to present his contention seasonably. He might have moved in the Superior Court that the bill of exceptions be dismissed, either before or after its allowance. He might have filed a motion that the exceptions be dismissed after their entry and before argument in the Supreme Judicial Court for the Commonwealth. He pursued none of these courses. After the decision of the questions of law raised on the exceptions as allowed by the trial judge, he presented two motions for a new trial. If he had seasonably raised the points now urged, the defendant might have asked the trial judge to report for determination by the full court the questions of law raised by her bill of exceptions, and it would have been within the jurisdiction of the trial judge so to report the case. G. L. c. 231,

§ 111.  *Leland* v. *United Commercial Travelers of America,* 233 Mass. 558, 560–561.  *Brown* v. *Grow,* 249 Mass. 495, 499.  *Moore* v. *Amesbury,* 268 Mass. 462, 465.  It cannot be doubted that, if occasion had arisen, the trial judge would have considered fairly a request by the defendant for a report.  Since the questions of law raised were of substantial importance to the rights of the parties, as appears by the decision of the case in 270 Mass. 24, it cannot be presumed to be unlikely that the trial judge would have made such report if necessary to enable the defendant to secure review of the rulings made.  The conduct of the plaintiff has deprived the defendant of taking any such course.  The plaintiff by his conduct has put the defendant in a position where she now is prevented from availing herself of a remedy which would have been open but for the failure of the plaintiff seasonably to put forward his present contentions.  The case is exactly one for the application of the doctrine of estoppel.  *Boston & Albany Railroad* v. *Reardon,* 226 Mass. 286, 291.

Parties cannot toy with legal proceedings and then invoke relief from an adverse result by resort to a writ of error.  *Perkins* v. *Bangs,* 206 Mass. 408, 416.

The order of the single justice was right.  It is of no consequence that the reason stated by him was different from the ground on which this decision rests.  *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 384.  *Reilly* v. *Selectmen of Blackstone,* 266 Mass. 503, 512.

*Exceptions overruled.*