ADAM DINEASOFF, administrator, vs. MICHAEL A. CASEY.

Essex.    April 4, 1940. — September 10, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Agency*, Scope of authority. *Negligence*, Invited person, Motor vehicle.
   *Evidence*, Presumptions and burden of proof. *Motor Vehicle*,
   Registration.

Section 85A of G. L. (Ter. Ed.) c. 231 does not make registration of an
   automobile *prima facie* evidence that an operator other than the owner
   had authority from him to invite a third person to be a guest therein;
   and in the absence of evidence of such authority, the owner was not
   liable for death of the third person caused only by negligence of the
   operator.

TORT.    Writ in the District Court of Lawrence dated
November 7, 1938.

On removal to the Superior Court, a verdict for the
plaintiff in the sum of $5,000 was returned before *But-
trick*, J.

*J. J. Fox, Jr.*, for the defendant.
*F. C. Zacharer*, for the plaintiff.

DONAHUE, J.    This is an action of tort brought by the
administrator of the estate of George Dineasoff who, on
May 22, 1938, was riding in an automobile owned by and
registered in the name of the defendant and operated by
his son John J. Casey, and was killed as the result of the
automobile striking a tree.

The case was tried in the Superior Court before a jury.
The declaration contained a count based on G. L. (Ter.
Ed.) c. 229, § 5, to recover for the death of the plaintiff's
intestate and a count to recover for his conscious suffering.
The judge directed a verdict for the defendant on the count
for conscious suffering and submitted the case to the jury
on the count seeking recovery for the death. The jury
returned a verdict for the plaintiff.

In the bill of exceptions and in the brief filed by the de-
fendant it is conceded that the defendant's son John J.

Casey, who was operating the defendant's automobile at the time of the accident, was negligent and that the plaintiff's intestate was in the exercise of due care.

The exceptions of the defendant here argued are to the denial of his motion for a directed verdict, to a portion of the charge and to the failure of the judge in his charge to instruct the jury as to the meaning of the words "who is not in his employment or service" appearing in the death statute, G. L. (Ter. Ed.) c. 229, § 5.

There was no evidence as to the time when, or under what circumstances, the plaintiff's intestate entered the defendant's automobile on the night of the accident. He was in it when the defendant's son drove the automobile to the place of residence of two girls who then entered it, and when, after a ride, the party was returning to the residence of the girls. There was no evidence to warrant a finding that the presence of the plaintiff's intestate in the defendant's automobile was authorized by or known to the defendant or that the operator had express or implied authority to invite the plaintiff's intestate to ride in the automobile.

The plaintiff contends that by reason of G. L. (Ter. Ed.) c. 231, § 85A, there was here *prima facie* evidence warranting a finding that the defendant was liable. The statute is procedural in nature. *Wilson* v. *Grace*, 273 Mass. 146, 150. It relates to evidence only and not to substantive rights. *Smith* v. *Freedman*, 268 Mass. 38, 40. It gives to the fact that a motor vehicle, involved in an accident, was at the time "registered in the name of the defendant as owner," the *prima facie* evidential effect that the motor vehicle "was then being operated by and under the control of a person for whose conduct the defendant was legally responsible."

The statute made evidence of the registration of a motor vehicle in the name of its owner at the time of an accident, *prima facie* evidence that one operating it was the agent of the owner and engaged in the owner's business. The statute did not make such registration *prima facie* evidence of anything else. *Bruce* v. *Hanks*, 277 Mass. 268, 272. The "statute does not afford *prima facie* evidence that the

operator of the defendant's automobile was empowered to invite others to ride with him." *Foley* v. *John H. Bates Inc.* 295 Mass. 557, 561. The statute did not make the evidence that the automobile involved in the accident in the present case was registered in the name of the defendant as owner, *prima facie* evidence that the son of the defendant who was operating it at the time of the accident was authorized to invite the plaintiff's intestate to ride in the automobile.

There was no *prima facie* or other evidence to warrant a finding that the plaintiff's intestate was riding in the defendant's automobile at the time of the accident on the express or implied invitation of the defendant or of any person authorized by the defendant to give such invitation. The defendant therefore could not be found liable for the death of the plaintiff's intestate. *O'Leary* v. *Fash*, 245 Mass. 123, 124–125. *Murphy* v. *Barry*, 264 Mass. 557, 558. *Broitman* v. *Silver*, 270 Mass. 24, 28.

The defendant's exception to the denial of his motion that a verdict be directed for him must be sustained. It is unnecessary to consider other exceptions taken by the defendant. Judgment must be entered for the defendant.

*So ordered.*