HERMAN ROSE, APPELLEE, V. GERALD M. GISI ET AL., APPELLANTS.

298 N. W. 333

FILED MAY 16, 1941. No. 31036.

*Butler, James & McCarl, Leon L. Hines* and *L. R. Doyle,* for appellants.

*J. J. Friedman, Victor Westermark* and *Cordeal, Colfer & Russell,* contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and YEAGER, JJ.

CARTER, J.

This is an action to recover damages for personal injuries sustained by the plaintiff in a collision between two trucks on highway No. 34 at a point five or six miles east of Haigler, Nebraska. The verdict and judgment were for $6,000. Defendants bring the case to this court for review.

The record discloses that the plaintiff was riding in a truck with a number of other W.P.A. workers, when a truck belonging to Gerald M. Gisi of Yuma, Colorado, and driven by one Victor Wascher, also of Yuma, came up from behind and collided with the truck in which plaintiff was riding as Wascher attempted to pass it on the highway, causing the injuries for which damages are sought. There is no question raised in regard to the sufficiency of the evidence to sustain the verdict as to the negligence of the defendant Victor Wascher in the operation of the Gisi truck at the time of the accident. Neither is the amount of the judgment challenged as being excessive under the evidence. The principal questions raised by the appeal are whether the court obtained jurisdiction over the persons of the defendants and, if so, whether liability attaches to defendants Carter and Gisi under the evidence in the record.

The defendants Gisi, Carter and Wascher were residents of the state of Colorado at the time the accident happened. It appears that Gisi was the owner of an International truck which he was using in his produce and trucking business on August 31, 1938, the date of the accident. Defendant Carter was a regular employee of Gisi, his capacity being that of truck driver. On the day of the accident he was told by Gisi to go to Wray, Colorado, and Benkelman, Nebraska, to pick up some eggs and other produce. Defendant Wascher was also sent on the trip to assist in the loading and unloading of produce. The evidence of Gisi and Carter is to the effect that Gisi told Carter not to permit Wascher to drive the truck on the trip. The evidence

shows that Carter permitted Wascher to drive the truck and that the accident happened while Wascher was so engaged.

Plaintiff commenced his action in the district court for Dundy county, and service of process was had by serving the secretary of state in accordance with the provisions of the nonresident motorists' statute. Comp. St. 1929, sec. 20-530. Each of the defendants filed special appearances which were overruled by the trial court. The objections to jurisdiction raised by the special appearances were preserved by proper allegations in the answers of the respective defendants. This is proper practice. *Gaines v. Warrick,* 113 Neb. 235, 202 N. W. 866.

It is well settled in this state that the nonresident motorists' law is to be strictly construed and held to apply only to those persons specifically named in the statute. *Downing v. Schwenck,* 138 Neb. 395, 293 N. W. 278. It has been held by this court also that the only basis for sustaining the constitutionality of a statute permitting service upon nonresident motorists in the manner provided by section 20-530, Comp. St. 1929, is that the voluntary use of the highways by a nonresident constitutes consent and agreement to the designation of an agent for service of process. *Herzoff v. Hommel,* 120 Neb. 475, 233 N. W. 458; *Downing v. Schwenck,* 138 Neb. 395, 293 N. W. 278. See *Hess v. Pawloski,* 274 U. S. 352, 47 S. Ct. 632, 71 L. Ed. 1091; Restatement, Conflict of Laws, sec. 84. Without such a basis upon which to predicate a voluntary consent and agreement the law would be violative of the fourteenth amendment to the Constitution of the United States. *Flexner v. Farson,* 248 U. S. 289, 39 S. Ct. 97, 63 L. Ed. 250.

The applicable portion of section 20-530, Comp. St. 1929, is as follows: "The use and operation by a nonresident of the state of Nebraska or his agent of a motor vehicle over or upon any street or highway within the state of Nebraska, shall be deemed an appointment by such nonresident of the secretary of state of the state of Nebraska as his true and lawful attorney upon whom may be served all legal

processes in any action or proceeding against him, growing out of such use or operation." We are inclined to the view that the word "operation" as used in this statute means the actual physical driving and handling of the motor vehicle. *Morrow v. Asher,* 55 Fed. (2d) 365. But by the addition of the word "use," thereby making the statute read "the use and operation," it clearly evidences an intent to include persons other than the actual operator of the vehicle. The words "use" and "operation" are not interchangeable or synonymous. It is clear that the Gisi truck was being used on the highways of Nebraska in the furtherance of the business of Gisi at the direction of Gisi. These acts are sufficient to subject Gisi to the provisions of the nonresident motorists' law. The defendant Carter, also a nonresident, was the agent of Gisi and had the general control of the truck. He was in fact using the truck on a Nebraska highway as agent in the furtherance of his principal's business when the accident happened. It is true that he was not operating the truck at the time, but we think he was using the truck within the meaning of the nonresident motorists' statute. Defendant Wascher was also a nonresident and was actually driving the truck at the time of the accident. He being engaged in the actual operation of the truck when the accident happened, he is clearly subject to the provisions of the nonresident motorists' law. It is the contention of defendants that Wascher was performing an act outside the scope of his employment when he undertook to drive the truck. It is often difficult in cases of this kind to determine the difference between a question of jurisdiction and one of defense. If Wascher did not occupy a relationship with the other defendants that would impute his negligence to them, it matters little in this case whether it be decided as a matter of jurisdiction or as one of liability. A determination cannot be made until the facts are established, and at that time the decision on either ground would lead to the same result. It seems to us, however, that the plaintiff is obliged to establish that Wascher was acting within the scope of his employment in

order to sustain his cause of action as it is alleged in his petition. Jurisdiction is not dependent upon the establishment of liability. In the instant case, Wascher was an employee of Gisi and a presumption arises that he was within the scope of his employment in driving the truck, which presumption is sufficient to sustain the court's jurisdiction. When evidence to the contrary is adduced on this subject, the presumption disappears and plaintiff is then required to show by evidence that the act of driving the truck was within the scope of the employment. The case then resolves itself into a question of sustaining the issues by sufficient evidence rather than a question of jurisdiction of the parties. We therefore hold that each of the defendants was properly subjected to the jurisdiction of the district court for Dundy county under the provisions of section 20-530, Comp. St. 1929.

In the absence of error in the conduct of the trial, the liability of Wascher for negligence is sustained by the evidence. As to the liability of the defendant Carter, a more serious question is raised. The evidence shows that Carter was entrusted by Gisi with the management and control of the truck. It was also his duty to operate the truck on the road. At the time of the accident, Wascher was driving and Carter was sitting on the front seat beside him. We think the correct rule is that Carter was under a duty to exercise reasonable care to prevent Wascher from intentionally harming others, or from so conducting himself as to create an unreasonable risk of bodily harm to them if Carter knew or should have known that he had the ability to control Wascher and knew or should have known of the necessity and opportunity for exercising such control. Restatement, Torts, sec. 318. And in Comment "c" of such section appears the following: "If, however, the car is in good condition, being operated in the open country on a through highway, and the actor has no reason to suppose that the driver is incompetent, it would be unduly burdensome to require the actor constantly to center his attention on the road and the driver, and the actor, therefore,

would not be subject to liability if his attention is diverted to the surrounding scenery or if he talks to other occupants in the car, although he thereby deprives himself of an opportunity to exercise his control over the driver, since there is no particular reason to suppose that there will be any necessity for his doing so."

In the case of *Grant v. Knepper*, 245 N. Y. 158, 156 N. E. 650, the court announced the rule as follows: "The selection of any substitute is a wrong to the employer where delegation is unauthorized, but it is not negligence toward the public if the substitute is competent, perhaps more competent than the servant, and there is no failure thereafter of fitting supervision. * * * A different situation would be here if a competent substitute had been inattentive or remiss at a time when intervention by the servant would have been of no avail. The act of negligence may be 'so sudden or unexpected' (*Ricketts v. Tilling, supra,* p. 651) that there is no reason to foresee it nor opportunity to avoid it. This may happen oftener today in the management of automobiles than in the days of horse-drawn vehicles when Lord Abinger was able to say that the substitute who held the reins was the mere instrument of the driver who sat beside him on the box." See *Butler v. Mechanics Iron Foundry Co.*, 259 Mass. 560, 156 N. E. 720, and annotation in 54 A. L. R. 851.

The record shows that the accident happened on a clear day on a through highway in open country. The Gisi truck was less than a month old and in perfect mechanical condition. The collision happened suddenly, without any opportunity afforded the defendant Carter to avert it. There is no evidence in the record of any negligence on the part of Carter, either in selecting an incompetent operator or in being remiss in his duties at a time when he had a reasonable opportunity to have done something to prevent the accident. Plaintiff was permitted to recover against Carter for the negligence of Wascher and not because of any negligence on the part of Carter himself. No relationship was pleaded or proved that would fix a liability upon Carter for

Wascher's negligent acts. Under such circumstances no liability attaches to Carter, and the trial court should have directed a verdict in his favor.

The defendant Gisi also complains that the record does not establish liability on his part for the negligent acts of the defendant Wascher. The record shows that Wascher was employed as a helper to assist Carter in loading and unloading produce. There is no evidence that Wascher had any authority to operate the truck. In fact, it is not disputed that Gisi had directed Carter not to permit Wascher to drive the truck. In operating the truck, Wascher was clearly performing duties outside the scope of his employment. Restatement, Agency, secs. 228 and 229.

We think the fact that Gisi directed Carter not to permit Wascher to drive the truck is of importance in arriving at the foregoing conclusion. Disobedience of orders or directions by a servant does not always relieve a master from liability for his acts. If the act causing the injury is within the class of service for the doing of which the servant was employed, the master is bound, even if the servant was forbidden to perform the particular act. But if the act forbidden was outside the class of service which the servant was employed to perform, the doing of the act is outside the scope of his employment.

In *Stone v. Commonwealth Coal Co.*, 259 Mass. 360, 156 N. E. 737, the court in passing upon a similar question said:
"It is not enough, in order to establish liability, to show that the master has an interest in what is being done. It must also be made to appear that the servant whose act is in question has authority from the master to perform the class of service to which the act belongs. If the act is within the class, the master is bound although the servant is forbidden to perform the particular act. * * *

"Driving motor trucks upon the roads was not within the class of work for which McDonnell was hired. His general employment did not confer the authority, and no special authority is shown to have been given. The distinction appears in the decision of Blackburn, J., in *Limpus v.*

*London General Omnibus Co.*, 1 H. & C. 526, 542, where the master was held for conduct of the servant in driving although contrary to his orders; yet the judge suggests that he would not be liable if a footman had assumed to drive in the coachman's place."

In *Seaboyer v. Director General of Railroads*, 244 Mass. 122, 138 N. E. 538, one Donovan was employed as a helper on an express truck to assist in loading and unloading. Without authority from any one the helper undertook to drive the truck out of the way of another truck, resulting in an accident caused by his negligence. The court held that the helper was acting outside the scope of his authority and that the mere ownership of the truck by the defendant was not sufficient to cast responsibility upon the defendant for the negligent acts of the helper. This is the generally accepted rule. See Restatement, Agency, sec. 241. Under Comment "e" of said section it is stated: "A servant, while remaining with the instrumentality, may surrender its immediate control to another, as where the driver of a truck permits a boy to drive it. Although such surrender is not negligent, the master remains subject to liability for any negligence of the employee in supervising the conduct of the other. However, in the absence of negligence by his servant, the master is not liable for any casual negligence of the other while under the supervision of the servant."

In *Butler v. Mechanics Iron Foundry Co.*, 259 Mass. 560, 156 N. E. 720, the court said:

"Nor is the master liable because Welch was on the driver's seat. The entire transaction in allowing Doyle to ride and to drive the truck was unauthorized. It was contrary to the servant's instructions and in violation of the duty he owed the defendant. No negligence of Welch contributed to the plaintiff's injury and damage for which the defendant can be held responsible. Moreover, it does not appear that Welch was in a position to apply the brakes when the collision was impending; that he knew Doyle was about to pull the gas control instead of shutting it off; or that Welch did anything contributing to the injury and

damage, or could have done anything, at the moment of the accident, to prevent it.

"The defendant was not responsible on the ground that he entrusted the machine to Welch. A master is not responsible for the unauthorized use of an automobile by his servant." See *Rich v. Dugan,* 135 Neb. 63, 280 N. W. 225, and 18 R. C. L. 785, sec. 245.

We have not overlooked *Geiss v. Twin City Taxicab Co.,* 120 Minn. 368, 139 N. W. 611, and similar holdings relied upon by appellees, to the effect that when the master entrusts the performance of an act to a servant, he is liable for the negligence of one who, though not a servant of the master, in the presence of his servant and with his consent negligently does the act which was entrusted to the servant. We do not approve of the reasoning upon which this rule is based.

We therefore conclude that Gisi was not liable for the negligence of Wascher, the act of Wascher in driving the truck being outside the scope of his authority. The trial court erred in not directing a verdict in Gisi's behalf.

Defendant Wascher contends that the court erred in not submitting the question of the contributory negligence of the plaintiff to the jury. The record shows that plaintiff was sitting on a plank in the back of the W.P.A. truck, facing in the direction in which the truck was traveling at the time the accident occurred. We find no evidence in the record of anything that he did or failed to do which would be sufficient to take the question of his contributory negligence to the jury. The trial court is required to withdraw an issue from the jury which is not supported by evidence. *Sterns v. Hellerich,* 130 Neb. 251, 264 N. W. 677.

Misconduct of counsel is urged as a ground of reversal. This misconduct charged was with reference to statements made in plaintiff's opening statement and his closing argument to the jury. No record of the statements was made and they are shown only by affidavits filed at the time arguments were had on the motion for a new trial. To preserve such an error in the record the statements must be

taken at the trial, proper objection made and the court's ruling shown. Unless this be done, the alleged error will be deemed to have been waived.

The judgments entered against defendants Gerald M. Gisi and Floyd Carter are reversed and the judgment against Victor Wascher is affirmed.

AFFIRMED IN PART AND REVERSED IN PART.