No. 3158 Northern Middlesex, ss.

CORRIGAN (Nathan J. Curhan)
v. PAYNE et al (Lyne, Woodworth & Evarts)

From the Third District Court of Eastern Middlesex—Green, J.
Argued March 16, 1942—Opinion filed April 16, 1942

WILSON, J. (Pettingell, P. J., and Sullivan, J.)—This is an action of contract in which the plaintiff seeks to recover the amount due upon a promissory note, signed by the defendants.

The defendants's answer, so far as now material, is a general denial, payment, and a further answer that said note was secured by a second mortgage on a house in Belmont, Mass.; that the defendants surrendered and delivered to the plaintiff the equity in said real estate in full payment of said note, and the plaintiff has, since the time of said surrender and delivery,

taken over said real estate and acted as the owner thereof, collecting all rents and profits therefrom.

There was a finding for the defendants.

At the trial, there was evidence tending to show that the defendants executed said note, that it was dated May 1, 1930, payable in or within three years to the plaintiff, secured by a power of sale mortgage, in the usual form, of the real estate in Belmont, subject to a prior first mortgage, with certain monthly payments, as provided in said note.

The plaintiff presented nine requests for rulings. Requests 7, 8 and 9 were waived by the plaintiff at the argument before us. On the remaining requests, the court "did not consider the first four on the ground that they do not comply with the provisions of Rule 27 of the District Court Rules." The court denied requests 5 and 6. The first six requests are as follows:

"1. Upon all the evidence, a finding for the plaintiff is warranted.

- "2. Upon all the evidence, there must be a finding for the plaintiff.

"3. Upon all the evidence, a finding is not warranted that there has been an accord and satisfaction of the plaintiff's claim.

"4. Upon all the evidence, a finding is not warranted that there has been an accord and satisfaction of the plaintiff's claim.

"5. The defendant has not sustained the burden of proof that he has paid this note in part or in full.

"6. The defendant has not sustained the burden of proof that there has been either part payment or an accord and satisfaction of the plaintiff's claim."

The court made certain specific findings. So much of the same as are now material are as follows:

"In June 1932, the male defendant, then in arrears, told the plaintiff he could not go on with the house or pay on the note and offered to vacate the premises by the end of August, and to deed the house to the plaintiff on demand, which terms the plaintiff accepted. This was confirmed by the male defendant in a letter to the plaintiff, in August, 1932, and the defendant vacated the premises in August, 1932, owing arrears on the principal and interest on said note. The plaintiff took possession of the premises from that date, not as agent of the defendants, but solely acting to protect his own interests, and treated it as his own from then on. There never was any statutory entry made or recorded by the plaintiff; nor did he take any steps to foreclose under the power of sale in said mortgage. The plaintiff rented the house from the fall of 1932, and collected and kept all the rents . . . up to the time of the foreclosure of the first mortgage in 1936. No accounting was ever sent the defendants relative to these rents and there were no dealings or communications between the plaintiff and the defendants from Sept. 1832 up to the time

of this action. The plaintiff never asked the male defendant for a deed, but said defendant was ready and willing at all time to execute and deliver to the plaintiff a deed of the property, which when recorded would have given the plaintiff a good record and merchantable title."

The first four requests do not come within Rule 27 of the District Courts. They are not requests for ruling "Upon all the evidence" with that rule. It was error to refuse them upon that ground. If, however, they could have been properly refused on other grounds than those stated, no error prejudicial to the plaintiff occurred. *Broitman* v. *Silver,* 278 Mass. 510, and cases there cited.

The first, third and fourth requests called the attention of the court to the sufficiency of the evidence. For that purpose they would have been equally effective if the preliminary words "upon all the evidence" had been omitted. *Rezendes* v. *Prudential Ins. Co.* 285 Mass. 505.

The second, third and fourth requests could have been properly refused on the ground that they asked the court to rule that there was no issue of fact for his determination as a fact finding tribunal.

If upon the evidence a finding for the defendant was permissible, there was no error in the denial of these requests. *Milmore* v. *Landau,* 307 Mass. 589.

Because of the special findings of the trial judge, the fifth and sixth requests are now immaterial, and the refusal to give them, although it may have been error, was not prejudicial to the plaintiff. *Strong* v. *Haverhill Electric Co.,* 299 Mass. 455, and cases there cited.

There was no evidence of payment, and payment, whether in whole or in part, and accord and satisfaction, are not the same thing. *Wenz* v. *Wenz,* 222 Mass. 314.

Whether the burden of proof has been sustained, is ordinarily a question of fact. *Duggan* v. *Bay State St. Ry.* 230 Mass. 370.

Whether the error of the trial court in refusing the plaintiff's first request was prejudicial, seems to us to be determinative of the case. If the court did consider the evidence upon the crucial question of fact, whether there was an accord and satisfaction of the claim of the plaintiff against the defendants, and his conclusion was supported by the evidence, then the request became immaterial within the rule stated in *Strong* v. *Haverhill Electric Co., supra,* at 456. Unless there was an agreement which amounted to an accord, the defendants' liability upon the note in suit was absolute. It has been said that an unsatisfied accord is not a defense. *Waitzkin* v. *Glazer,* 283 Mass. 86, 87.

In the instant case, the defendants had the right to all the rents to the time of an entry by the mortgagee for the purpose of foreclosing the mortgage or a foreclosure and sale under

the power of sale contained in the mortgage, and to interest themselves in procuring a bidder at such sale who would reduce their liability upon said note. The plaintiff rented the property, collected the rents for a long period of time, applied the rents to payments on the prior mortgage, taxes and other carrying charges on said property, and made repairs thereon. During all of that time, the defendant or defendants were the record owners and alone remained personally liable for taxes. This was all an advantage to the plaintiff, as it relieved him from any personal liability for them. The court also found that the defendant was ready and willing at all times to give the plaintiff a deed of the premises, which would give the plaintiff a good, merchantable title. All of which, taken with the conversation and correspondence between the plaintiff and the male defendant, seems to us to sufficiently support the finding of the trial judge that the defendants' offered to vacate the premises and deed the same to the plaintiff on demand, which terms "the plaintiff accepted." That agreement was supported by ample consideration. *Gilson* v. *Nesson,* 198 Mass. 598.

Such a finding of the trial judge cannot be disturbed by us on review. *Boston & Albany R. R.* v. *Reardon,* 226 Mass. 386, 391. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. *Engel* v. *Checker Taxi Co.,* 275 Mass. 471. *Himelfarb* v. *Novadel Agene Corp.,* 305 Mass. 448. There was no error prejudicial to the rights of the plaintiff and the report is dismissed.