ALBERT WITTHAUER, A MINOR, BY ESTHER WITTHAUER, HIS MOTHER, NATURAL GUARDIAN, AND NEXT FRIEND, APPELLEE, V. PAXTON-MITCHELL COMPANY, A CORPORATION, APPELLANT.

19 N. W. 2d 865

FILED OCTOBER 5, 1945.   No. 31946.

*Votava & McGroarty,* for appellant.

*John A. McKenzie* and *Edward J. Dugan,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, and CHAPPELL, JJ.

PAINE, J.

This is an appeal by the defendant Paxton-Mitchell Company from a verdict of $2,500, returned against the said company and Joe Gryva, the driver of its truck, for personal injuries sustained by Albert Witthauer, a boy six years of age, who was struck by said truck. The defendant Joe Gryva filed a motion for a new trial, but did not appeal to this court when such motion was overruled.

The principal assignment of error by the defendant appealing is that the court failed to sustain a motion for a di-

rected verdict at the close of plaintiff's evidence and again at the close of all the testimony.

Plaintiff claims that the truck driver, while on the business of his employer, negligently ran the truck into and injured plaintiff. The defendant alleges that the driver was on a personal mission of his own. The main issue is, therefore, whether the driver was acting under the authority of the owner of the truck at the time of the accident.

The evidence discloses that it was a 1938 Ford pick-up truck. It had a cab, and racks on the sides, and was used principally in making deliveries between defendant's foundry and machine shop, and also around town. A record was required to be made of each trip of this truck. This exhibit No. 7 gives a list of trips made, speedometer readings and mileage on each trip, as well as property transported, its weight, etc.

The driver made four recorded trips during the morning of March 23, 1944, which was the day of the accident. His testimony was that each morning by 11:30 he was always back at the Martha street plant, which was the foundry, where they have a cafeteria, and he always picked up cooked lunches at 11:30 a. m. and took them to the other plant for those employees who had ordered them, and delivered them at such machine shop at Twenty-first and Pacific streets, where they have no cafeteria. On the day in question he got back to the foundry at 11:40 a. m., where he was off for his lunch time from 12:00 to 12:30. He usually prepared and brought his own lunch, as he was a bachelor, but this morning he got up too late to prepare it, and so on this day he ran this company truck up to the Dairy Cafe at Twenty-sixth and Leavenworth to get his own lunch. A boy who went to Technical High School waited on him there.

After he got his lunch he drove slowly back at about 12:15 p. m., and at Twenty-third and Leavenworth streets there was a row of cars parked all along the street, and one large green tractor-trailer somewhat obstructed his vision of the crosswalk. The driver admits that he saw the boy

just a foot or two away from the truck, and that he applied his brakes, but the boy ran into his truck; that he heard a thud, stopped the truck, with its rear end on the crosswalk, got out and picked up the boy, whose leg was broken, and told another fellow to call an ambulance, which soon came and took the boy to the hospital.

There was no direct route that he could have taken on his last authorized trip which would involve his going to Twenty-third and Leavenworth, where the accident occurred.

Three or four employees who were in authority over him testified that the driver was not on any mission of his employer at the time of the accident, and there appears to be no evidence in opposition thereto.

This court has said in *Harrell v. People's City Mission Home,* 131 Neb. 138, 267 N. W. 344:

"To hold the owner of an automobile liable for an accident which occurred when his car was being driven by an employee, it must ordinarily be shown that the employee was, at the time, engaged in his employer's business, with the employer's knowledge and consent.

"The presumption that an employee, driving employer's automobile when accident occurs, is acting within his employment is rebutted, where the evidence shows employee was engaged on his personal affairs."

In a case in which an employee was driving a truck home to get his dinner at the time of the accident and then went on an errand of his own, we said: "The great weight of authority, however, is to the contrary, and the decisions of this court are in accord with those cases which hold that a presumption is not evidence and will not prevent a directed verdict when the evidence rebutting it is convincing and undisputed." *Ebers v. Whitmore,* 122 Neb. 653, 241 N. W. 126.

And, again, in *Rose v. Gisi,* 139 Neb. 593, 298 N. W. 333, it was said by this court: "When evidence to the contrary is adduced on this subject, the presumption disappears and plaintiff is then required to show by evidence that the act of driving the truck was within the scope of the employment."

This court held in *Fairmont Creamery Co. v. Thompson*, 139 Neb. 677, 298 N. W. 551: "In every case, before the evidence is submitted to the jury, there is a preliminary question for the court to decide, when properly raised, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed." This holding was cited with approval in *Burchmore v. Byllesby & Co.*, 140 Neb. 603, 1 N. W. 2d 327.

When the facts are such that reasonable minds can draw but one conclusion, it is the duty of the court to decide the question, and not require the jury to deliberate upon evidence from which it can reach but one possible conclusion.

In our opinion, it was the duty of the trial court to have sustained the motion of the defendant Paxton-Mitchell Company for a directed verdict at the close of the testimony. The judgment as against the defendant appealing is reversed and the action as to it is ordered to be dismissed.

REVERSED AND DISMISSED.

WENKE, J., participating on briefs.