· Fred McNally, appellee, v. Louis Ponce et al.,
appellants.

34 N. W. 2d 262

Filed October 15, 1948. No. 32470.

*Carr & Hoagland,* for appellants.

*C. L. Baskins,* for appellee.

Heard before Simmons, C. J., Paine, Carter, Mess-
more, Yeager, Chappell, and Wenke, JJ.

Yeager, J.

This is an action at law by Fred McNally, plaintiff and
appellee, against Louis Ponce and Jess Ponce, defend-
ants and appellants, for the balance claimed to be due
on a promissory note.

A jury was duly impaneled to try the issues. At the
conclusion of the evidence a motion was made by plain-
tiff for a directed verdict in his behalf or in the alterna-
tive that the jury be dismissed and that judgment be
rendered in his favor. The motion was sustained, the
jury dismissed, and judgment was rendered in favor of
plaintiff and against the defendants for $1,006.55 with
interest at eight percent per annum from the date of

judgment and for costs in the amount of $46.63. From this judgment the defendants have appealed.

The note which was the basis of the action was dated March 22, 1946, was for $1,700 with interest at the rate of eight percent per annum, and due November 20, 1946. The note was past due when the action was commenced. Evidently the note was secured by a chattel mortgage on certain farm equipment and machinery. The mortgage has not been described in either the pleadings or evidence and it has not been adduced as an exhibit. Both parties however treat and assume it, without objection, basic in the determination of the questions presented by this appeal.

The petition sets forth the note and certain credits thereon and declares a balance due and prays for judgment for the balance with interest and costs.

The pleadings of defendants admit the execution of the note, claim certain credits which had not been allowed by plaintiff, and charge, not too definitely, that a chattel mortgage was given to secure payment of the note; that to obtain possession of the property described in the mortgage for the purpose of foreclosure plaintiff instituted an action in replevin; that one Stanley Carlson went to the premises of one of the defendants in the company of the plaintiff; that at that time an agreement was entered into whereby the said defendant permitted them to take the machinery and equipment in settlement and satisfaction of the balance due and owing on the note; and that the machinery and equipment was at that time so received in satisfaction of such balance. The pleadings set forth further that relying on the alleged agreement the defendants did not defend the replevin action and that by reason of the premises the judgment in replevin was void.

For reply the plaintiff alleged the commencement of the replevin action and alleged that the property taken was properly taken therein; that the action proceeded to judgment; and that sale of the property was duly ad-

vertised, sale had, and the amount received duly credited on the note. Plaintiff denied that any agreement was ever entered into for the purpose of or in settlement of the balance due on the note.

On the trial as in the pleadings the plaintiff admitted certain credits on the note. These were made up of certain payments and the amount received as the proceeds of the sale of the property taken under the writ of replevin. There was no contest in this respect. Other credits were proved by defendants and as to them the plaintiff made no contest. The sole question therefore was as to whether or not there was sufficient proof of the agreement alleged by defendants to require the submission of the question of its existence to a jury. The district court concluded that there was not sufficient such evidence. From this conclusion and the resultant judgment the defendants have appealed.

While it is true that there are other assignments of error set forth in the brief yet a determination upon this one is decisive of the appeal herein. If there was no agreement, all other matters standing without substantial contradiction or dispute, the proper function of the court was to render judgment upon the note according to its tenor and effect, after allowing proper deductions, in accordance with the motion made by plaintiff at the conclusion of the evidence.

The appropriate rule is the following: "Where the facts adduced to sustain an issue are such that reasonable minds can draw but one conclusion therefrom, it is the duty of the court to decide the question, as a matter of law, rather than submit it to a jury for determination." Loudy v. Union P. R. R. Co., 146 Neb. 676, 21 N. W. 2d 431; McIntosh v. Union P. R. R. Co., 146 Neb. 844, 22 N. W. 2d 179. See, also, Witthauer v. Paxton-Mitchell Co., 146 Neb. 436, 19 N. W. 2d 865.

The determination of whether or not there was sufficient evidence upon which to submit the question of the existence of the agreement claimed by defendants

depends upon the evidence of the defendant Jess Ponce. No other witness testified to the existence of any such agreement.

The entire testimony in this respect is the following: "Q And, did someone come out to the place at that time; Mr. McNally out there?  A Mr. McNally and the deputy sherrif.  Q And, who was the deputy sherrif?  A Stanley Carlson, I think. * * *  Q Did you have a conversation with them at that time, either with Mr. McNally, or with Mr. Carlson in the presence of Mr. McNally?  A I did.  Q Just tell us what was said and by whom it was said, as near as you can in the conversation you had there together. * * * A Well, he said that—* * * A Mr. Carlson said to me, Jess since you can't pay Mr. McNally for the mortgage, he says he has taken over the machinery, and he handed me a slip of paper and he says he takes over the machinery and that will make everything all right. * * *  Q And, was all of the property delivered to Mr. McNally, at that time?  A It was. * * *  Q What did you say the sherrif told you when they were out there; the deputy sherrif?  A he told me as long as I couldn't pay Mr. McNally what I owed him he was going to take the machinery, and that would make everything all right.  Q He told you that he was going to take the machinery?  A That is right.  Q He told you that he had a Court order?  A He gave me a paper too.  Q And, he gave you a copy of the replevin?  A That is right.  Q Mr. McNally didn't say anything to you?  A No.  Q Mr. McNally was accompanied with Carlson when he was there, wasn't he?  A He was.  Q He stated nothing to you in any shape or form about it?  A They told me to get in the car; he was going to get the equipment. * * *  Q Now, Mr. McNally never told you that he was ever going to take that machinery there?  A He didn't say a word.  Q He didn't say a word about that in any shape, way or form?  A No, he didn't say a word. * * * Q Now, while you were talking about that, who did the talking to you there at your place?  A Well, mostly

Mr. Carlson.  Q Mr. Carlson told you that he was going down there and get that machinery, didn't he?  A That is right.  Q And, he was the one that asked you into the car and go on down with him?  A Yes, and Mr. McNally said so too."

In its broad sense a contract is an agreement, obligation, or legal tie whereby a party binds himself, or becomes bound, expressly or impliedly, to pay a sum of money or to perform or omit to do some certain act or thing.  17 C. J. S., Contracts, § 1, p. 310.

In the case at bar there was neither offer of anything by plaintiff nor acceptance by defendants and likewise there was neither offer by defendants of anything nor acceptance by plaintiff.  There appears to have been no conversational interchange whatever  between  plaintiff and defendant Jess Ponce with regard to the subject matter of the chattel mortgage or note.  In fact there is not even a conversational interchange between the deputy sheriff and Jess Ponce recorded in the bill of exceptions.  The sum total of what occurred conversationally at the time in question was a declaration by the deputy sheriff as to his purpose in being on the premises and a direction to Jess Ponce to accompany him to aid in locating the property sought to be taken under the writ of replevin.

The evidence viewed in the light most favorable to defendants, as it must be viewed, that is after resolving every controverted fact in their favor and allowing them the benefit of every reasonable inference, falls far short of proof of the agreement pleaded by the defendants in their answer.  Dickman v. Hackney, 149 Neb. 367, 31 N. W. 2d 232.

It cannot therefore be said that the court erred in dismissing the jury and rendering judgment in favor of the plaintiff.

The judgment of the district court is affirmed.

AFFIRMED.